WEST
v.
CREDITORS.

<hr/>

## SAME CASE—ON A RE-HEARING.

If a creditor of one who has made a *cessio bonorum*, who had proved a claim at the time of the first distribution of the effects of the insolvent, and received a dividend out of the funds then in the hands of the syndic, is not debarred thereby from proving, on a subsequent distribution, another and a distinct claim existing at the time of the failure, it follows, as a consequence, that new grounds of opposition may be set up against a claim allowed on a previous tableau, whenever a new fund comes into the hands of the syndic for distribution.

THE judgment of the court (*Eustis*, C. J. absent,) was pronounced by

ROST, J. The appeal taken by the heirs of *Hull* in this case, was detached from the record, and was not brought to our notice till after the judgment had been rendered. Upon discovering this error, we granted a re-hearing as to them ; and their opposition to the claim of *Mrs. West*, is now before us, on the pleas of payment on one side, and of *res judicata* on the other.

On the first tableau of distribution filed, the claim of *Mrs. West*, and her right of preference, were contested by these opponents, on the ground that her mortgage, not having been recorded as required by the act of 1813, her claim was absolutely null and void. We disallowed the right of mortgage, but recognized the claim as an ordinary debt, to the amount of $5,400. *West v. Creditors*, 1 Annual, 365.

It appears that, at the time this opposition was made, *Mrs. West* had received the sum of $4,149 40, from the assignee of her husband, after his failure, in 1842. The opponents now plead this payment, and insist that *Mrs. West* has no claim to any portion of the fund in hand.

In the appeals taken from the judgments rendered on the oppositions to the second tableau of distribution filed by the syndic, we held that a creditor, who had proved a claim at the time of the first distribution, and received a dividend out of the fund then in the hands of the syndic, was not debarred thereby from the right of proving, on a subsequent distribution, another and a distinct claim, existing at the time of the failure.

We came to this conclusion by analogies drawn from the practice established under the bankrupt laws of England and of the United States, giving effect to the familiar rule that, where there is doubt upon a question of *res judicata*, the party against whom the plea is set up should have the benefit of that doubt. *West* v. *Creditors*, 3 Annual, 532.

If, in subsequent distributions, creditors are permitted to set up new claims which existed when the first distribution was made, it follows that new grounds of opposition may be set up against their claims, whenever a new fund comes into the hands of the syndic for distribution.

It is proved that *Mrs. West* has received $4,149 40, on her claim. That amount must be deducted from the sum of $5,400, for which she is placed on the tableau.

It is therefore ordered that the judgment in this case be amended, so as to sustain the opposition of the heirs of *Hull* against *Mrs. West*, except for the sum of $1,251 60, for the amount of which *Mrs. West* is to be classed in the tableau as an ordinary creditor.

It is farther ordered that the judgment, as amended, be affirmed.