## SUCCESSION OF JUAN Y. DE EGANA.

The notification of the filing of a tableau operates as a citation to all persons concerned therein (creditors as well as legatees); and the homologation of an account and tableau bars all further enquiries as to all matters included in the account.

A PPLICATION for a re-hearing.
G. LeGardeur, Wm. H. Hunt and P. H. Morgan, for the motion to dismiss. E. A. Bradford, L. Castera, Edward Briggs and G. E. Brady, contra. W. R. Mills, for absent heirs.*

ILSLEY, J. In this case a re-hearing is prayed for in behalf of the Canal Bank and other appellants. Their counsel, before urging the grounds upon which, in his opinion, the motion to dismiss was improperly sustained by this Court, has gone at some length, and with his usual ability, into the merits of the case; but, as we said in the judgment, the reconsideration of which is now solicited, it is not our province, at this stage of the proceedings, to examine into the merits of the case. Our task is simply to determine whether, by their voluntary acts in executing or ratifying the execution of the judgment, the appellants have lost their right of appeal, and cannot be listened to in this Court.

We will, therefore, confine ourselves to the examination of those gounds alone, of the very able and elaborate petition presented by the appellants, which bear upon the motion to dismiss.

I. The first ground is: "That, if the statement annexed to the tableau disclosed the fact that the sum of $54,813 33, proposed to be distributed, and also the note of C. DeLassus, particularly referred to, were received from the liquidator, it showed also that the note of C. DeLassus, and the greater part, if not the whole, of the money were part of the separate estate of J. Y de Egana, which had been given over to the liquidator without authority, and which had been, at least, half surrendered before the judgment against the Lizardis was given, and that, from whatever source the money was derived, if it was part of the assets of the succession in the hands of the executor, it was his duty to distribute it, and as clearly the right of the creditors to receive it."

We have no authority to determine (for we cannot go into the merits of the case) whether the assets spoken of were or were not the separate property of Egana, and whether or not they improperly passed from the hands of the executor into those of the liquidator. Suffice it to say that, in point of fact, they were in the joint possession of both the executor and the liquidator; that neither of them had the right to withdraw them from the bank, wherein they were deposited, without the consent of the other; that the judgment of the 11th January, 1864, condemned the liquidator to surrender them to the executor; that a rule was taken against him to en-

---

* It would have afforded the Reporter pleasure to have inserted the briefs of the very learned counsel in this case, but, being so voluminous, they would have swelled the pages much beyond the number contracted for.

force the execution of that part of the judgment; that said rule was made absolute, and, in obedience thereto, the sheriff took possession of these very assets which he thus surrendered to the executor.

This we considered, and do still consider, to be a partial execution of the judgment; and, in our opinion, which remains unchanged, the consent of the creditors to the distribution of the assets which had thus returned into the hands of the executor, by this partial execution of the judgment, was a clear and complete ratification of the acts of the executor, and a formal acquiescence in the judgment.

Besides, the whole amount of $54,813, which the executor proposed to distribute among the creditors, and to the distribution of which the latter assented, did not proceed from what the appellants style the separate property of Egana.

A portion of it, to wit : $16,337 11, was paid in satisfaction of that portion of the judgment which condemned the Lizardis to surrender the assets of the commercial house.

It cannot be controverted, therefore, that the payment of this sum of $16,337 11, under the writ in the hands of the sheriff and the order of the Court, was a partial execution of the judgment, and that, by consenting to the distribution thereof, the appellants have ratified and acquiesced in the judgment.

II. The second ground is : "That several of the appellants had filed no opposition, and made no appearance in any proceeding connected with the tableau; that the homologation of a tableau has been held to have the authority of the 'thing adjudged' in respect to the funds included in the distribution, but has never been held to have any further effect; and it is incorrect, therefore, to say that these appellants are bound by the judgment of the 19th January, 1865, which homologates the account, so far as not opposed, and thereby approved and ratified the settlement of the executor with M. de Lizardi."

We see no reasons for being dissatisfied with the conclusion we have arrived at, upon this point.

It rests upon the principle, well settled in our jurisprudence, that "the notification of the filing of a tableau operates as a citation to all persons concerned therein (creditors as well as legatees); and that the homologation of an account and tableau *bars all further enquiries as to all matters included in the account.*" *Succession of Poytavin*, 10 Rob. 118. *Smith* v. *Lallande*, 1 Rob. 385. *Coiron* v. *Millaudon*, 3 An. 664.

In this case the usual notices were given, as required by law; some of the creditors opposed the homologation of the account, but *expressly* consented to the distribution proposed by the executor, whilst the others remained silent and suffered the usual orders to be made without opposition.

We, therefore, think that the former having *expressly*, and the latter *tacitly*, consented to the distribution of the funds received under the exe-

cution of the judgment, they, all of them, have ratified that execution, and, consequently, acquiesced in the judgment.

III. The third ground is : " That the appeal of the Canal Bank and some others, taken on the 22d December, 1864, was prosecuted, both against the judgment of the 11th January, 1864, and that rendered on the 27th July, by which it was ordered that the previous judgment, and the execution issued thereon, be declared satisfied and the Lizardis discharged from all further liability in the premises; and that, conceding these appellants are debarred from all appeal from the judgment of the 11th January, there is no reason why they should be refused the right of appeal from that of the 27th July."

The judgment of the 27th July, by declaring that the judgment of the 11th January has been satisfied, virtually decides that this last judgment was properly executed.

It is plain, therefore, that the Canal Bank and its co-appellants cannot be permitted to appeal from the judgment, since it assumes and is based upon the correctness of an execution which was effected by their legal representative, and which they, themselves, have ratified, and have no right to question.

IV. The fourth ground is : " That the appellants have made the executor, J. M. Cabellero, a party to the appeal, and, as stated in their brief, they seek relief against him, as well as against the other appellees; that no motion was made in his behalf for the dismissal of the appeal; that the grounds of dismissal occupied by the Lizardis are not available for him, and yet, the order for the dismissal of the appeal is general, and would seem to dispose of the whole case."

We have dismissed the appeal upon the ground that the appellants cannot be listened to in this Court, because they have ratified the execution of, and, consequently, acquiesced in the judgment appealed from. This, necessarily, disposes of the whole case as it stood before us.

We cannot, after holding on the motion of the Lizardis that the appellants have lost their right of appeal and cannot be heard in this Court, listen to them on any part or portion of the judgment. The dismissal of the appeal has left nothing before us.

A rehearing is also prayed for by the absent heirs of Egana; but if, as stated by the attorney appointed to represent them, "they are not appellants in the said appeal, and, therefore, their rights under the judgment of the District Court cannot be changed or affected by the dismissal of the appeal; we are at a loss to conjecture upon what ground and for what purpose a rehearing is prayed for on their behalf.

Besides, they are not appellants; and, as was said by this Court in the case of *Lalland* v. *McRea*, reported in 16 An. p. 195; and in *Converse, Kennett & Co.* v. *Steamboat Lucy Robinson*, in 15 An. p. 433: "This Court is only seized of jurisdiction to amend the judgment, as between the appellant and appellee." The dismissal of the appeal, as we have just said, dis-

poses of the whole case and leaves nothing before us. We have given to the appellants' application for a rehearing in this case, a very attentive examination, and have maturely considered the able argument of their counsel in support of it.

The reasons so earnestly pressed on us to satisfy us of the propriety of opening the judgment rendered by us have proved powerless to shake our conviction of its correctness in every particular; and, therefore, for the reasons we now give, responsive to every ground relied on, our judgment cannot be disturbed.

It is therefore ordered that the rehearing prayed for be refused.

HOWELL, J., recused.