No. 158.—W. C. JAMES, Administrator, *v.* R. C. HYNSON and SHERIFF.

An heir, of age, by accepting the succession, purely and simply, becomes personally liable for the debts of the estate. C. C. 1006.

A creditor who permits the heir to take unconditional control of the estate, without causing it to be administered, loses the right to pursue the property of the succession, as distinct from that of the heir.

APPEAL from the District Court of Rapides. *Orsborn, J. Ryan & White,* for plaintiff and appellee. *R. A. Hunter,* for defendant and appellant.

HOWELL, J. Mrs. M. J. Calvit, a married woman, separate in property, died in 1862, leaving one child, named William N. Calvit, the issue of her marriage with J. A. Calvit, who died in 1865. This son, after the death of his father, continued to reside on the plantation, the property of his mother at her death, and which the evidence shows he managed from the time of her death as his own property, creating debts and giving mortgages upon it as early as March, 1867. On the twenty-third May, 1866, he confessed judgment in favor of the defendant, R. C. Hynson, which was recorded on sixteenth November, 1866.

In September, 1868, W. C. James was appointed and qualified as administrator of the succession of Mrs. M. J. Calvit, of which an inventory was taken in July preceding, containing only the said plantation, as the property of the succession.

James, now, as such administrator, institutes this suit to enjoin the sale of said property, seized by the sheriff in the suit of R. C. Hynson *v.* W. N. Calvit, alleging that the said succession owes debts, and among others, one of $1200 to the succession of P. M. Henderson, and that the property seized is the only property left to pay them and does not belong to W. N. Calvit, but to the succession of Mrs. M. J. Calvit, his mother—his interest therein being only residuary.

This injunction was improperly perpetuated.

The heir, by accepting the succession, purely and simply, received it with the debts due by his mother. Her creditors, not having claimed a separation of patrimony, or caused her succession to be administered in due time, have lost their right to pursue her property as distinct from that of the heir, who has become their personal debtor, and the property inherited by him has become liable to the debts of his own creditors. C. C. 1006, 1370, 1398, 1409.

The plaintiff in this case had not, therefore, any legal right to interfere with a more vigilant creditor of the heir. The judgment enjoined is for $2049 19, with eight per cent. interest from fourteenth April, 1866.

It is therefore ordered that the judgment appealed from be reversed and that there be judgment in favor of the defendant, R. C. Hynson, dissolving the injunction herein, and that the plaintiff and his surety, Thomas Neal, be condemned, *in solido,* to pay said defendant twelve per cent. on the amount enjoined, as damages, with costs, in both courts.