## No. 4877.

SUCCESSION OF EUGENE HACKER. ON RULE TO SET ASIDE ORDER OF SALE.

The administrator obtained an order to sell property upon terms of one third cash and balance on one and two years credit, whereupon the appellee, as holder of a matured mortgage note, by rule, caused the terms to be changed to cash, and from this action of the court this appeal is taken. The motion to dismiss can not prevail.

The order is one from which an appeal may be taken. It is reasonable to infer that injury of an irreparable character may result in the depreciation consequent upon a sale for cash instead of on terms of credit.

The proceeding to sell the property in the manner attempted was illegal. When the widow and heirs were put in possession by order of court the succession of Eugene Hacker was closed. It was not therefore in the power of the court to reopen it. The appointment of an administrator was irregular, the original order of sale was illegal, and the modification thereof in the judgment appealed from was likewise void, because the succession of Hacker was no longer under the jurisdiction of the court.

APPEAL from the Second District Court, parish of Orleans. *Tissot, J.* *Alfred Grima,* for plaintiff in rule and appellee. *Bentinck Egan,* for defendant, Mrs. Hacker. *E. Bermudez,* for J. Duvigneaud, administrator and defendant in rule.

### ON MOTION TO DISMISS.

HOWELL, J. A motion is made to dismiss this appeal because it is taken

from an interlocutory order which, it is alleged, will not cause an irreparable injury.

The administrator obtained an order to sell property on terms of one third cash and balance on one and two years credit, whereupon the appellee, as holder of a matured mortgage note, by rule caused the terms to be changed to cash, and from this action of the court this appeal is taken.

We are of opinion that the order is one from which an appeal may be taken. It is reasonable to infer that injury of an irreparable character may result in the depreciation consequent upon a sale for cash instead of on terms of credit.

The motion is denied.

## ON THE MERITS.

WYLY, J. Eugene Hacker died in May, 1871, leaving a widow and several children, some of age and some minors, and leaving a succession consisting of community property. The widow, Mrs. Agathe Hacker, was confirmed as natural tutrix. Subsequently, to wit: on the twelfth of April, 1872, she obtained an order recognizing her as owner of one half the property, and was entitled to the usufruct of the other half, and in said capacity she was put in possession of all the property inventoried as belonging to the succession of her husband, Eugene Hacker. Subsequently, she borrowed from Aimé Gautier five thousand dollars, giving a note secured by mortgage on the property described in this suit, said mortgage being made by her individually and as natural tutrix, under advice of a family meeting and order of court; the major heirs also joined in said mortgage.

In January, 1873, subsequent to the execution of this mortgage, and nearly one year after the surviving widow had been put in possession, Joseph Duvigneaud applied for and was appointed administrator of this succession. He filed a statement of debts and obtained an order to sell the real estate embraced in the inventory of this succession on the following terms: One third cash, and the balance on one and two years credit, secured by mortgage and vendor's privilege. Thereupon Gautier, the mortgage creditor of the widow and the major and minor heirs, took a rule to compel the sale of the mortgaged property for cash instead of the terms fixed in the order obtained by the administrator; and from the judgment making this rule absolute this appeal was taken.

The proceeding to sell the property in the manner attempted was illegal. When the widow and heirs were put in possession by order of court, the succession of Eugene Hacker was closed. It was not thereafter in the power of the court to reopen it. The appointment of an administrator was irregular, the original order of sale was illegal, and the

modification thereof in the judgment appealed from was likewise void, because the succession of Hacker was no longer under jurisdiction of the court.   22 An. 61; 25 An. 56, 220.

It is therefore ordered that the judgment appealed from be annulled and the rule herein be discharged, the plaintiff therein paying costs of both courts.