## No. 8805.

CLINTON ATKINSON vs. MRS. EMMA RODNEY ET ALS.

35　313
51　1056
35　313
112　133

Where the *mortuaria* proceedings in a succession show a full administration, closing with the putting in possession of the legatee or testamentary heir, and the discharge of the succes-sion representative, the proceedings cannot be reopened and another administration inaugurated.

Articles 1067 *et seq.* of the R. C. C. have reference to successions actually under administra-tration and not to such as have been thus wound up.　They were intended for the protec-tion of new, or straggling creditors, not previously known.

APPEAL from the Fifteenth District Court, Parish of West Feli-ciana.　*Yoist*, J.

40

*T. J. Kernan* and *S. McC. Lawrason* for Plaintiff and Appellant.

*W. W. Leake* for Defendants and Appellees.

The opinion of the Court was delivered by

BERMUDEZ, C. J.   On the averment that he is an unpaid creditor of a deceased party, whose succession has been administered upon by an administrator who has obtained his discharge, the plaintiff brings this action to have the succession *mortuaria* reopened, in order to compel the legatee who was put in possession to return the legacy and to inaugurate another administration of the estate.

An exception of no cause of action was filed and sustained by the lower court, from whose judgment this appeal is taken.

The plaintiff rests his claim on Articles 1067, 1068, R. C. C., which provide for the payment of *new* or straggling creditors who present themselves and who had not made themselves known before, when the funds in the hands of the administrator are insufficient and which give them a right of action against legatees and creditors who have been paid for return and contribution, with a view to a new distribution.

These Articles were designed to apply only to successions under actual administration and were not intended to apply to successions already administered upon, the assets of which have been distributed, the heirs put in possession, and the administrator of which has been discharged.

In such cases the probate jurisdiction determines and can no more be revived. The *mortuaria* proceedings cannot be reopened and a new administration inaugurated. A prohibition lies to prevent such a course. 22 An. 61. The rights of creditors, which could have been exercised against the succession representative, must then be asserted and enforced against the heir or legatee, whoever he be, that was recognized and put in possession of the estate. 28 An. 446; 29 An. 837; 25 An. 225, 335; 28 An. 367; 27 An. 686; 30 An. 93; 34 An. 31.

The judgment is affirmed with costs.