Succession of Aronstein.

---

## No. 12,775.

Succession of Louisa Aronstein. On Application of J. F. Irvin, Jr., to be Appointed Administrator.

### Syllabus.

1. One having an interest to oppose the application of another to open and administer a succession is not confined to merely resisting the application on the ground of a better right in himself.

2. He may go further and resist the application by raising the issue of a succession to administer, or that of necessity *vel non* of administration.

3. Where the administration of a succession has been closed and many years afterwards the heirs of the deceased, suing as heirs, recover property, a creditor of the deceased will not be permitted to reopen the succession and bring the property thus recovered under administration as belonging to the succession, and himself appointed administrator.

4. The heirs take by inheritance the property thus recovered from adverse claimants. But this is not to say that they take the property free from the pursuit of the creditors of the succession.

5. Creditors with valid, existing claims have their recourse clearly pointed out by the law.

APPEAL from the Thirteenth Judicial District Court for the Parish of West Feliciana. *Stone, J., ad .hoc.*

*Olivier O. Provosty* for J. F. Irvine, Jr., Applicant to be appointed Administrator, Appellant.

*S. McC. Lawrason* for A. Aronstein, Opponent, Appellee.

Argued and submitted January 10, 1899.
Opinion handed down May 1, 1899.

The opinion of the court was delivered by

BLANCHARD, J.  Louisa Aronstein, a married woman, separate in property from her husband, died in 1878. She left a small estate. She owed debts. Her succession was insolvent. Her surviving husband qualified as natural tutor of her minor children, and, as such, was permitted by the creditors to administer the succession.

In the course of this administration he obtained an order to sell the property to pay the debts of the succession. At this sale a tract of land known as "the Neville plantation," was bought by Julius Aronstein. This man was the tutor and administrator. He bought in his individual capacity. He was not surviving partner in community. His purchase was, therefore, in contravention of a prohibitory law and an absolute nullity.

After his purchase he conveyed to other parties, and in 1895 John F. Irvine, Sr., was in possession thereof as owner.

In that year, the heirs of the dead woman brought an action against Irvine to have the succession sale of the Neville plantation to Julius Aronstein, and the subsequent conveyances of the same through which Irvine acquired title, declared null and void, and to have the ownership of the property decreed to be in themselves as her heirs.

This suit was prosecuted to final judgment and concluded by decree of this court handed down in May, 1897. See 49 La. Ann., 1478.

The Neville plantation was declared to be the property of the succession of the dead wife. It was held that the title of the tutorship had never been divested. The purchase by the tutor was decreed null *ab initio,* and his subsequent conveyances of the property likewise absolute nullities.

Following this, John F. Irvine, Jr., alleging himself to be a cred-itor of the succession of Louisa Aronstein, that the debts of the suc-cession were unpaid, its immovable property still undisposed of, and the necessity for administration, applied to be appointed adminis-trator.

Aaron Aronstein, one of the heirs of the deceased, and one of the plaintiffs in the suit at which the nullity of the tutor's purchase of the Neville plantation had been decreed, opposed this application on the following grounds (abbreviated) to-wit,:

1. That the succession of his mother had already been fully ad-ministered.

2. That the suit of the heirs of Aronstein against Irvine to have decreed the nullity of the purchase of the Neville plantation by Julius Aronstein and his subsequent conveyances thereof, was an acceptance by them of the succession, doing away with the necessity of an ad-ministration.

3. That John F. Irvine, Jr., the applicant for administrator, is not a creditor of the succession, and the Metropolitan Bank, of whose claim he avers himself to be the transferree, was not the owner or holder of any note or debt due by the dead woman, and if it were, the same has been extinguished by the prescriptions of five and ten years.

4. That the question as to the right to have the Neville plantation (the only property appraised in the inventory taken in these new pro-ceedings) returned to the succession of Louisa Aronstein for admin-istration, was an issue tendered in the suit to annul its pretended pur-chase by the tutor and by the defendant in that suit; that this issue was decided adversely to the defendant therein, and the property ad-judged to the heirs of Mrs. Aronstein, with the condition that they should pay to the possessor the sum of $501, representing the amount the heirs had been benefited by the sale as being that which in the course of the former administration had been paid to the Metropoli-tan Bank, mortgagee of the property; and that J. F. Irvine, Jr., pres-ent applicant for administration, was a person interposed for his father, defendant in the suit to annul, and against whom *res judicata* is pleaded.

5. That the Metropolitan Bank (transferror of the applicant) hav-ing accepted the proceeds of the sale of the Neville place in the suc-cession proceedings, was estopped to claim an administration of the

property again, which estoppel bound its transferree; and if not estopped, that no tender of the said proceeds had been made.

The judgment of the court a qua sustained the opposition and rejected the application to administer. The applicant appeals.

One having an interest to oppose the application of another to open and administer a succession is not confined to merely resisting the application on the ground of a better right in himself. He may go further and resist the application by raising the issue of a succession to administer, or that of necessity vel non of administration.

The opponent herein had such an interest to oppose this application to administer.

He had evinced by his acts an unconditional acceptance of the succession. 49 La. Ann., 1482.

In March, 1879, a year following the offering at public sale of the Neville plantation and its purchase by the tutor, the latter filed a final account of his administration of the succession, and a tableau of distribution of its assets. In April, 1879, this account and tableau was homologated so far as not opposed, and in December, 1880, the opposition of L. Bloom, the only opposing creditor, was overruled, and final judgment of homologation entered up. The distribution of the assets according to this account and tableau followed.

This closed the tutor's administration of the succession. The creditors took no further interest in it, and no steps to make amenable to their claims the immovable property held adversely under the void purchase of the tutor.

It was left to the heirs to do this, and, accordingly, we find that when several of the heirs became of age and others emancipated by marriage they brought suit to have decreed the nullity of the pretended titles by which the tutor and his transferrees held the property, and to have themselves declared the owners, joining with them as parties plaintiff, through the appointment of a special tutor, three of the heirs who were still minors.

And now when they have succeeded in this suit to recover the property as heirs of their deceased mother, a transferee of one of the creditors of the succession who has remained silent for many years, appears, seeking to reopen the succession and to have the property thus recovered brought again under administration as belonging to the succession, and himself appointed administrator. 34 La. Ann., 1168.

We do not think this can be done. The succession of Louisa Aronstein, as such, must be considered closed and as no longer existing. See 30 La. Ann., 139; 31 La. Ann., 506; 35 La. Ann., 313; 38 La. Ann., 716. The heirs take by inheritance the property of the dead woman which they have recovered from adverse claimants, those of them of age and those emancipated taking as heirs who have accepted the succession unconditionally, those who are minors taking as beneficiary heirs. See Succession of Sarazin, 34 La. Ann., 1168.

This is not to say that they take the property free from the pursuit of the creditors of the succession of Louisa Aronstein. Creditors who have valid, existing claims have their recourse clearly pointed out by the law.

The applicant for this administration has mistaken his remedy. Instead of seeking to reopen the succession long since concluded, his course was rather to proceed against the major and emancipated heirs who by accepting unconditionally have become his debtors, and against those who, as minors, accept conditionally, to subject the property in question, now vested in the heirs, to the payment of whatever legal claim he may have as creditor of Lquisa Aronstein, deceased, and as creditors of these heirs of hers, who, legally capable of accepting unconditionally her succession, have done so. Soye vs. Price, 30 La. Ann., 93; Lemmon vs. Clark, 36 La. Ann., 744; C. C. 1422 et seq.

The judgment appealed from reserves to the applicant, Irvine, the right to prosecute what claims he may have against the succession of Louisa Aronstein by direct proceeding against her heirs. This is well.

Judgment affirmed.

MR. JUSTICE MONROE takes no part, as he was not a member of this court when the case was submitted.