PROVO STY, J.
Treville Thibodeaux died in 1891, leaving six grown children, sons and daughters, issue of his marriage with his predeceased wife, Aspasie Le Blanc. These sons and daughters were married and had children. Valery Thibodeaux was appointed administrator of the succession. He obtained an order for the sale of all the property of the succession to pay debts, and advertised the sale. The heirs enjoined the sale, claiming that one-half of the property belonged to them as heirs of their mother, and was not liable for the debts of their father, and the court so decreed. The administrator then caused the succession’s undivided half of the property to he sold; and in May, 1895, he filed a so-called final account of his administration. In this account he asked that the heirs be sent into possession of their mother’s half of the property, and the court so decreed. There were oppositions to the account. Judgment on the oppositions was rendered October 1, 1901. In January, 1903, the following judgment, which explains itself, was rendered in the succession proceedings:
"This proceeding was filed by the heirs of Treville Thibodeaux and Aspasie Le Blanc, and tried contradictorily through its attorney, Robert Martin, and it asks that the administrator be ipso facto divested of his administration, and that, in default thereof, he be ordered to furnish new securities on the ground of insolvency of those now signing the bond.
“In 1S91 Valery Thibodeaux was appointed administrator of the above estate, giving a bond for fourteen thousand ($14,000) dollars.
“From this time up to date the administrator has filed two or three accounts, and has always sold under order of court various properties to meet the debts, although few, if any, debts were due by the estates.
“In 1895 he filed what he called a final account, and prays therein that the same be homologated and approved, and that he be discharged; that his bond be canceled, and that the heirs be placed in possession of certain described real estate, described in said account.
“This account was opposed by certain heirs, and said opposition was maintained and the administrator ordered to correct the account in accordance with the judgment, and further ordering him to make a settlement with the heirs for amounts collected by him belonging to the estates since the filing of said account. This, was in 1901.
“Since then nothing has been done by him. He has neither corrected his account as ordered, nor has he accounted to the heirs for the amounts collected by him as rents from the-date of filing the said account up to this date. This is in violation of his duty as administrator and a disregard for the orders of the court, of' which he must be cognizant, because he, through his attorney, was in court at the time of the rendition of this judgment. That he has collected money from various parties is shown by the-evidence in this matter, and no account rendered therefor to the heirs whom he represented.
“Taking into consideration the wanton disregard of his duties as administrator, his failure to file his yearly account as required by law, his constant collecting of rents of the succession property, when there are no debts really due by it, and, if any, those created by him.
“And in view of the fact that he has been disregarded by judgment of this court, I am of the opinion that he should be ipso facto divested of' the office of administrator, and that he is now an intermeddler reserving to the heirs then-right to sue him and his bondsmen for whatever amount he has collected and not accounted for, and that they should be placed in possession of the property of said estates without delay as ordered, adjudged, and decreed.”
Ovignae Thibodeaux, one of the sons of' Treville Thibodeaux, to whom the real estate of the succession had been adjudicated' in 1895 (seven years before this judgment), and who had been in possession ever since, now brought suit (February, 1903) against his coheirs for a partition, alleging himself to be the owner of one-half of the property by virtue of the adjudication. 1-Iis coheirs in answer to the suit set up that the adjudication to him was null because of the nonobservance of the formalities prescribed by law, and also because of fraud; and in May,, 1904, the court so decreed. See Thibodeaux v. Thibodeaux, 112 La. 906, 36 South. 800. The heirs then made an informal, verbal partition of the' property among themselves. They had two disinterested persons to divide-the property into six parts and then drew lots. Since then they or their children have been ,in possession of the property, each enjoying; *581 in severalty the share acquired by the partition. Three of the four children of one of the heirs have sold their interest to Paul Hebert, one of the plaintiffs in the present suit. In July, 1905, Alexandre V. Eournet filed a petition, alleging that the succession of Treville Thibodeaux was unsettled; that it owned property and owed debts; that some of the heirs were minors; that an administration was necessary; and that he, as heir and creditor, was entitled to be appointed administrator. There were two oppositions— one of Ulysse Thibodeaux, who claimed the preference over Eournet in the choice of an administrator, and one, by a son of one of the plaintiffs in this suit. The latter opposition denied that an administration was necessary, as all the debts had been paid, and the heirs were in possession. The oppositions were tried, with the result that Ulysse Thibodeaux was appointed administrator. He in July, 1906, filed a petition alleging that the succession owed debts (of which he filed a list), and owned property (namely, the real estate involved in this suit), and asked that this property be sold to pay the debts. The court so ordered, and the sale was advertised. Thereupon the present suit was filed. The plaintiffs are Paul Hebert, vendee of the interest of some of the heirs in the property, joined by two of the heirs.
They allege that notwithstanding the fact that the succession of their father was closed in 1903, and that all the debts have either been paid or assumed by the heirs, and the heirs sent into possession, and notwithstanding the fact that they and their coheirs have been in possession ever since and are now in possession, Ulysse Thibodeaux has by ex parte proceedings caused himself to be appointed administrator of the succession of Treville Thibodeaux, and obtained an order for the sale of certain real estate (namely, the real estate involved in this suit), at one time depending upon the succession of Treville Thib-odeaux, but now owned and possessed by petitioners and their coheirs, and which said coheirs by an amicable partition have partitioned among themselves, that the petitioners are entitled to an injunction enjoining the said sale, and enjoining Ulysse Thibo-deaux from interfering with their possession of said property, and that there should be judgment decreeing the petitioners to be owners and in possession of said property.
The defendant first filed an exception of res judicata, based on the judgment rendered on the opposition to the appointment of an administrator. Whether that exception was ever passed on by the lower court does not appear from the record. It has no merit. The person who filed the opposition was a nephew of one of the heirs, and had no better standing in court to litigate the matter than an uncle, an aunt, or a cousin would have had.
In his answer the administrator pleads the general denial, denies specially that all the heirs of Treville Thibodeaux have accepted his succession and gone into possession, and pleads that the validity of his appointment as administrator cannot be inquired into collaterally, as is attempted to be done by the present suit, avers that the succession of Treville Thibodeaux owes debts, as is shown by the final table therein, duly homol-ogated and therefore having the force and effect of a judgment, and, finally, that, when the succession sale of the property in controversy to Ovignac Thibodeaux was annulled by the judgment in the partition suit of Ovig-nac Thibodeaux against his coheirs, the effect was to restore the property to the succession.
In the brief of defendant, it is said that one of the heirs, Angele Thibodeaux, had nor attained her majority at the time when it is pretended by the plaintiffs she was in possession. There is, in the first place, no plea to that effect in the answer. In the next *583 place, tlie evidence is very inconclusive as to whether she had not already attained her majority at tlie time of tlie amicable partition ; and she must have done so since that time, for she acted as a person of age in selling to the plaintiff, Paul Hebert, her rights as heir in the land in controversy; her said interest being one-fourth of one-sixth.
As to attacking collaterally the appointment of the defendant as administrator, the plaintiffs are not doing so. If they were attacking at all the appointment of the defendant, they would be doing so directly, for this is a suit against the defendant in which the allegation is made that the succession of Treville Thibodeaux was closed and the heirs put in possession; but they are not doing so. They do not ask that plaintiff’s appointment as administrator be annulled, nor do they question the right of the defendant to stand in judgment for the succession. What they deny is that the property which is in their possession can be taken away from them, or a cloud cast upon their title by ex parte so-called succession proceedings. In the case of Davis v. Greve, 32 La. Ann. 420, cited by defendant, the administrator brought suit to recover property for the succession he represented, and the defendant sought to question by way of exception his right or quality to stand in judgment for the succession. The plaintiffs in the present case are not doing anything of that kind. They have brought a direct action to enjoin certain proceedings which if allowed to go on might have the effect of casting a cloud upon their title.
And we think their suit is well founded. The heirs of Treville Thibodeaux all of age (for Harville Thibodeaux, father of Angele Thibodeaux, was one of them), sued to destitute the administrator and to be put in possession, and the court so decreed; and from that decree thus rendered contradictorily with the administrator, representative of the creditors of the succession, nq one has ever appealed. The heirs went into possession, and have had possession ever since. It goes without saying, that they cannot be divested and dispossessed by proceedings taken ex parte in the succession closed by said judgment.
This case not being complicated by minorities is a very much stronger one than was that of Succession of Aronstein, 51 La. Ann. 1052, 25 South. 932, where this court said:
"The applicant for this administration has mistaken his remedy. Instead of seeking to reopen the succession long since concluded, his course was rather to proceed against the major and emancipated heirs who by accepting unconditionally have become his debtors, and against those who as minors accept conditionally to subject the property in question now vested in the .heirs to the payment of whatever legal claim he may have as creditor of Louisa Aronstein, deceased, and as creditors of these heirs of hers who are legally capable of accepting unconditionally her succession have done so.”
See, also, Messick v. Mayer, 52 La. Ann. 1161, 27 South. 815.
It is ordered, adjudged, and decreed that the judgment appealed from be set aside and that the wz'it of injunction herein issued be perpetuated, and that the defendant pay the costs of this suit.