I respectfully dissent from the opinion of the majority.

165 So. 147

**STATE ex rel. ERNEST REALTY CO., Inc.,**
**v. MOORE, BLANE & MERKLEIN,**

Inc., et al.

No. 33549.

Dec. 2, 1935.

Rehearing Denied Jan. 6, 1936.

Irion & Switzer, of Shreveport, for appellant.

John B. Files, of Shreveport, for appellees.

HIGGINS, Justice.

Relator, a corporation, as owner of certain real estate, brought this mandamus proceeding against the defendants, an insurance agent, and the clerk of the district court, as ex officio registrar of conveyances and recorder of mortgages, for the purpose of having canceled and erased from the records a notice of lis pendens, alleging that the recordation of the notice was illegal, null, and void, because the insurance agent had no lien or privilege of any kind whatsoever against the property, and had no color of right to affect the title thereto.

The clerk of court was a nominal party and made no appearance.

The insurance agent filed exceptions of no right or cause of action, which were overruled by the district judge.

It then filed an answer, averring that it had a lien and privilege on the immovable property placed in the name of the relator by the widow and heirs of the deceased, resulting from furnishing fire and other insurance policies to deceased's estate, covering the property, for which the executor acknowledged the succession's indebtedness to the defendant for premiums amounting to $907, but had wrongfully failed to place defendant on the account as a creditor, and thereafter the executor had illegally secured his discharge, without paying the claim; that, subsequently, the widow and heirs of the deceased, after having been recognized and placed in possession of the succession, in order to deprive defendant of its lien and privilege on property they had acquired from the succession, made a simulated transfer of the immovable property to the plaintiff corporation, which they had caused to be organized for that purpose; that the said transfer should be set aside and the immovable property returned to the succession for the purpose of further administration; that defendant filed a suit against plaintiff and its purported vendors, for the purpose of setting aside the illegal transfer, and to have the property returned to the succession, in order that it might assert its lien and claim against the same; and that, as a result of the suit, the notice of lis pendens was properly and legally recorded.

The trial judge rendered judgment in favor of the plaintiff, as prayed for, but granted a new trial, and then dismissed the relator's suit. Relator appealed.

Defendant filed a motion to dismiss the appeal on the ground that the notice of lis pendens was duly canceled and hence the case thereby became a moot one.

Plaintiff answered the motion to dismiss the appeal, averring that the cancellation was only partial and conditional, in

order that a certain piece of real estate might be sold from the immovable property affected by the notice, and that certain moneys realized from the purchase price of the property had to be deposited in escrow, to await the final disposition of the questions presented in the case.

The documents annexed to the motion to dismiss the appeal and the answer thereto clearly show that the cancellation was partial and conditional and that substantial and serious alleged rights of relator are being held in abeyance, pending this suit, and therefore relator is entitled to have these issues determined. The motion to dismiss the appeal is denied.

The defendant's exceptions and claim to the lien and privilege were fully and completely disposed of in favor of relator by the district judge in his original opinion, which we adopt, as follows:

"The present suit is a mandamus to force the cancellation from the mortgage records of the notice of lis pendens.

"We think the right to bring such a suit is fully settled in the case of State ex rel. Metropolitan Land Co. v. Recorder of Mortgages, 166 La. 271, 117 So. 145. Under this decision, if the present defendant has no color of right to a privilege on real estate formerly belonging to the succession of Bernstein, then this plaintiff is entitled to the relief sought herein; if it has such color of right, then this suit should not prevail, but the question of privilege should be settled in the other suit in due course.

"So far as we can see from the brief filed by the present defendant, with one exception, no authority has been presented showing that defendant has any privilege on such real estate.

"Liens or privileges exist only when specially provided by law, and even then are to be strictly construed. Defendant makes the contention that it is entitled to a lien, but as authority for same cites only the Civil Code, art. 3276, reading:

"'The charges against a succession, such as funeral charges, law charges, lawyers' fees for settling the succession, the thousand dollars secured in certain cases to the widow or minor heirs of the deceased, and all claims against the succession originating after the death of the person whose succession is under administration, are to be paid before the debts contracted by the deceased person, except as otherwise provided for herein, and they are not required to be recorded.'

"This article is to be found in chapter 7 which deals, not with the creation of privileges, but with the manner in which such privileges which are otherwise created are to be preserved. The article mentioned does not pretend to create any kind of privilege. Chapter 3, beginning with article 3191, deals with general privileges on movables only. Later articles deal with special privileges on particular movables. Chapter 4 beginning with article 3249 deals with privileges on immovables, and chapter 5 [article 3252 et seq.] with privileges which embrace both movables and immovables.

"There is no allegation in the other suit showing that the court ever authorized the insuring of the property, but granting that

such authorization is not necessary, we have been unable to find any classification under privileges on immovables or both which could cover such an item as this.

"Article 3262 deals with the expense of preservation, and grants a privilege, but it is very plainly dealing with movables. This article does not exactly grant a privilege, but recognizes the existence of one, and fixes the priority of payment. The privilege itself is granted by article 3224 which plainly deals with movables as recognized in Succession of Williams, 7 La. App. 465. See Boylan's Detective Agency & Protection Police v. Arthur A. Brown & Co., 157 La. 325, 102 So. 417.

"We have read every article of the Code dealing with the subject, and have been unable to find any granting a privilege in a case of this kind which bears on the immovables of a succession, and, so far as we can see, counsel has pointed out none whatever.

"Of course, the property of a succession, including the real estate, is pledged (as that word is sometimes used, but not in its legal sense) to the payment of the debts of that succession, just in the same way that every man's property is pledged to the payment of his debts. In both cases, the creditor has the right to sue to avoid a sale and subject the property to the payment of his debt, but that does not carry with it any privilege. As the claim of privilege is the only basis of the right to a lis pendens, and defendant has no color of right to same, the demands of the relator must be sustained, and it is so ordered."

It appears that our learned brother below dismissed the plaintiff's suit, after granting a new trial, because he was of the opinion that the question of whether or not, as a matter of law, the allegations of the petition in the suit of the defendant against the plaintiff, claiming color of right to affect the title of the plaintiff to the immovable property, could not be considered in this summary proceeding, but had to be decided in the other suit.

We pointed out in the case of State ex rel. Metropolitan Land Co. v. Recorder of Mortgages, supra, that a plaintiff in an ordinary suit could not by mere bold allegations claim a lien and privilege on immovable property, or color of title thereto, and compel the defendant owner to await the determination of that litigation, where the allegations of the petition showed, as a matter of law, that the plaintiff was not entitled to either a lien or color of title to the property, but that the defendant owner in such a case was entitled to proceed summarily by mandamus proceedings to have the cloud on his title to the immovable property, resulting from the recordation of the notice of lis pendens, canceled. It is clear that defendant's claim to a lien and privilege is the basis for requesting the court to set aside the transfer of the property, in order that it might be further administered and afford defendant an opportunity of asserting and enforcing its alleged lien and privilege against the property. But we have already concluded that defendant has no lien and privilege on the immovable property in question. Hence, his claim is an ordinary one and we know

of no law under which an ordinary creditor, who has failed to oppose an executor's or administrator's final account, when he has not been listed thereon, can have a sale of the succession property set aside and the property returned to the estate for further administration.

It appears from the record that defendant knew that the executor of the succession of Bernstein was preparing to file his account and, although due public notice thereof was given, according to law, defendant failed to oppose it. A judgment homologating the final account of the succession, discharging the executor or administrator, and sending the heirs into possession is res adjudicata of the claim of a creditor who knew of the proceedings and did not oppose the final account. Succession of Spyker (La.App.) 159 So. 347, and authorities therein cited.

The record also shows that the succession of Bernstein was closed and the executor discharged and the widow and heirs sent into possession by judgment of the district court. The law is well-settled that a creditor cannot have such an estate reopened and a new administration inaugurated. James v. Hynson, 21 La. Ann. 566; Succession of Hacker, 28 La. Ann. 446; Atkinson v. Rodney, 35 La.Ann. 313; Succession of Duffy, 50 La.Ann. 795, 24 So. 277; Succession of Bray, 50 La. Ann. 1209, 24 So. 601; Succession of Aronstein, 51 La.Ann. 1052, 25 So. 932.

Having decided that the defendant did not have any lien or privilege on the immovable property, and that it had no right to ask for the annulment of the sale of the immovable property by the widow and heirs of Bernstein to the relator, and the return of the property to the succession, and the reopening and further administration thereof, after the succession had been closed and the heirs placed in possession, it follows that the recordation of the notice lis pendens is illegal, null, and void, and should be canceled, as it forms a cloud upon plaintiff's title.

The views we have expressed do not in any way affect the merits of the claim of defendant against the widow and heirs of Bernstein for the amount of premiums alleged to be due for insurance furnished the estate. In its suit against the widow and heirs, defendant, in the alternative, prayed for a moneyed judgment against them, and that matter is still pending in the district court, concerning which we refrain from expressing any opinion.

For the reasons assigned, the judgment appealed from is annulled and it is now ordered, adjudged, and decreed that there be judgment herein in favor of Ernest Realty Company, Inc., relator herein, and against the defendants, Moore, Blane & Merklein, Inc., and Victor G. Simmons, clerk of the first judicial district court, in and for the parish of Caddo, La., making the alternative writ of mandamus peremptory, and commanding them, and each of them, to fully and completely cancel and erase from the records in Mortgage Book 221, p. 379, the notice of lis pendens on the immovable property of the plaintiff, fully described in the sale by Mrs. Fannie Hirsch Bernstein et al. to Ernest Realty Company, Inc., by act before Charles B.

Emery, notary public, dated February 21, 1934, registered in C. O. B. 321, page 373, a certified copy of which is marked Exhibit P, in the transcript; all costs of court to be paid by defendant.