HIGGINS, Justice.
 

 This is an intervention in the liquidation proceedings of the Canal Bank
 
 &
 
 Trust Company by the Whitney National Bank, as successor trustee under the will of Robert G. Irby. The petition alleges that the Canal Bank & Trust Company was constituted as trustee of the net assets of the succession of the deceased by his last will and testament; that the bank, as executor, from shortly after the death of the deceased on March 12, 1930, until the filing of its final account and discharge on June 15, 1931, administered the estate as executor and received a fee therefor amounting to the sum of $29,274.62, for its services; that, in accordance with its final account, the bank paid itself $2,684.-57, as trustee’s commissions on income collected by it during its tenure as executor and before it qualified as trustee; that the trustee was sent into possession as such by judgment in the succession proceedings and took possession of the trust estate on the termination of its gestión as executor on June 15, 1931; and that petitioner only recently learned of the alleged illegal payment of the fees to ■ the former trustee and now seeks restitution thereof.
 

 The liquidating agent of the bank interposed a plea of res adjudicata on the ground that the executor’s final account was regularly advertised and homologated and the claim of the trustee was unopposed, recognized and ordered paid.
 

 There was judgment sustaining the plea of res adjudicata and dismissing the petition of intervention, and the intervener has appealed.
 

 It is conceded that the filing, publication, and homologation of the unopposed final account with reference to the item in question was regular and legal, except that the amount claimed was unearned and not due.
 

 In the case of Satcher et al. v. Radesich et al., 153 La. 468, 96 So. 35, 39, Radesich claimed $1,612.25, which had been paid to the administrator of the succession of his father and mother. The court held that the item, having appeared in the administrator’s final account, which was homologated, constituted a judgment for money in favor of the administrator. The court said:
 

 “It is a final judgment, and for this reason we cannot review.the objections now urged against it by counsel for plaintiffs. Wade v. Caspari, 24 La.Ann. 211; Walling’s Heirs v. Succ’n of Joseph Howell, 34 La.Ann. 1104.”
 

 
 *37
 
 In the Succession of Rabasse, 50 La.Ann. 746, 23 So. 910, 911, the court said:
 

 “The judgment of homologation precludes demand in respect to the fund the account proposed to be distributed, not made by oppositions when the judgment is rendered, and that judgment, when final, closes litigation as to the fund, and entitles the parties placed on the tableau to the distribution the account proposes. Civ. Code art. 1065; Franklin v. Syndics of Warfield, 2 La. [126] 127; West v. Creditors, 4 La.Ann. 450; Ory v. Creditors, 12 La. 121.”
 

 In the Succession of Juan Y. De Egana, 18 La.Ann. 263, the court stated:
 

 “It rests upon the principle, well settled in our jurisprudence, that — ‘the notification of the filing of a tableau operates as a citation to all persons concerned therein (creditors as well as legatees); and that the homologation of an account and tableau bars all further enquiries as to all matters included in the account.’”
 

 In the case of Carter v. McManus et al., 15 La.Ann. 676, it was held (syllabus):
 

 “Personal citation to the heirs is necessary to render the judgment homologating and administrator’s final account binding as between the heirs and the administrator; but as between the heirs and creditors of the succession, it has been held that the homologation is binding without personal citation or notice, when the notice has been given as required by Art. 1057 of the Civil Code.”
 

 In the Succession of Conrad, 45 La.Ann. 89, 11 So. 935, 938, the court made a distinction between a final account of the administrator or executor for the judicial ascertainment and settlement of claims of creditors against the succession, and a final account purporting a settlement with the heirs of the estate, and used the following language:
 

 “We have made careful investigation of the provisions of the Codes and jurisprudence on the subject, and have reached the conclusion that the judgment homologating an account, purporting to distribute proceeds among creditors, constitutes res adjudicata in respect to the validity of their claims, notwithstanding that the fact of their payment is left open to direct attack by heirs, prior to final settlement of the succession.”
 

 The syllabus of the Conrad Case reads, as follows:
 

 “An account filed by an executor, which purports a partial distribution of the proceeds of sales, and of rents collected, among creditors of the succession he is administering, when duly homologated according to law, after due publication, is final and conclusive as to all the world, heirs as well as creditors, in respect to amount and validity of the claims approved; and, as to heirs as well as creditors, such judgment of homologation constitutes res adjudicata in respect to the amount and validity of said claims, though they have not been personally cited.”
 

 In short, the court held that an account filed by an executor, purporting a distribution among the creditors of the succession, when duly homologated according to
 
 *39
 
 law, after due publication, was final and conclusive as to all the world, heirs as well as creditors, in respect to the amount and validity of the claims appearing thereon, but that
 
 when the administrator transfers and delivers the remaining assets to the heirs, they may show that he did not actually pay the debts and claims appearing on his account.
 

 In the present case, it is not
 
 the fact of the payment of the trustee’s fee
 
 which is attacked by the Whitney National Bank, the successor trustee,
 
 but it is the validity of the fee which is attacked.
 

 In the Succession of Bougere, 29 La.Ann. 378, it was held that:
 

 “The notification of the filing of the account
 
 and tableau of distribution
 
 of an executor
 
 operates as a citation to all
 
 persons concerned, creditors as well as legatees,
 
 and
 
 the homologation of the account and tableau bars all further inquiry as to all ■matters included therein.”
 

 In the case of State v. Moore, Blane & Merklein, 183 La. 927, 165 So. 147, 149, we said:
 

 “It appears from the record that defendant knew that the executor of' the succession of Bernstein was preparing to file his account and, although due public notice thereof was given, according to law, defendant failed to oppose it. A judgment homologating the final account of the succession, discharging the executor or administrator, and sending the heirs into possession is res adjudicata of the claim of a creditor who knew of the proceedings and did not oppose the final account.”
 

 In the Succession of Spyker, 159 So. 347, 351, the Court of Appeal reviewed the jurisprudence and concluded: ,
 

 “However, a reference to the foregoing quotations will show it to be clearly established that a judgment homologating a provisional account and partial tableau of distribution constitutes res adjudicata
 
 as to the claims appearing thereon.
 
 The fact of their payment may be left open to direct attack by heirs prior to final settlement of the succession, but their
 
 validity
 
 is settled once and for all.
 

 “It has always been held that such a judgment is final and conclusive
 
 against the legatees
 
 and creditors, and in Succession of Peytavin [10 Rob. 118], supra, it was said: '
 

 “ ‘The
 
 notification of the filing
 
 of the tableau operates as a
 
 citation to all
 
 persons concerned therein,
 
 creditors as
 
 well as legatees; and.
 
 the homologation
 
 of the executors’ account and tableau,
 
 bars all further enquiries as to all matters included in the account.’"
 
 (Italics ours.)
 

 An examination of the record in the instant case shows that the Canal Bank & Trust Company, as executor of the estate, recognized a claim by the same institution for services rendered as a trustee, and listed the same on the final account. The account was duly published, unopposed, approved and homologated by the district court, and the executor authorized to pay the amount of the claim. The claim of the trustee cannot be viewed in any other light than that it sought to be and was recognized as a creditor of the es
 
 *41
 
 tate. Therefore, this is not a controversy between the executor and the heirs as to the delivery of the residue of the estate to them. •
 

 In the case of Miguez v. Delcambre, 109 La. 1090, 1094, 34 So. 99, 101, a distinction was made between a distribution to the creditors and a distribution to the heirs. The court held:
 

 “The case of Succession of Conrad, 45 La.Ann. 89, 11 So. 935, cited contra, is not applicable. In that case res judicata was pleaded to an opposition filed after the administrator’s account to the creditors had been homologated upon .notice given by advertisement. The Court there clearly drew the distinction between accounts rendered to creditors and tableaux of distribution among heirs, and held that an account duly homologated, after due publication of notice of its filing, is conclusive on everybody in respect to the amount and validity of the creditors’ claims acknowledged upon the account. That the ruling was to go no further than this plainly appears on page 94, 45 La.Ann., page 937, 11 So., where the learned organ of the Court (Mr. Justice Watkins) said: —
 

 “ When an executor or administrator files a final account purporting a settlement with the heirs of the estate and a distribution among them of the net assets of the succession which remain in his hands after debts are paid, personal notice of the filing thereof must be given to the heirs— otherwise a judgment homologating it would be of no avail.’”
 

 Plaintiff is here seeking to collect from the liquidating representative of the trustee bank the amount alleged to have been illegally paid to it under the judgment of the court approving the account. There is no charge of fraud, misfeasance, or waste. Apparently, the claim was proved to the satisfaction of the trial judge. An injustice may have resulted to the beneficiary of the trust, but the protest against payment of the alleged illegal claim was not timely filed. The plea of res adjudicata is well founded and was properly sustained.
 

 For the reasons assigned, the judgment appealed from is affirmed.
 

 ROGERS, J., dissents.
 

 O’NIELL, C. J., absent.