**63 So.2d 343**

**ACADIAN PRODUCTION CORP. OF LOUISIANA v. TENNANT.**

**No. 40690.**

Jan. 12, 1953.

Rehearing Denied Feb. 16, 1953.

E. B. Charbonnet, Jr. and John T. Charbonnet, New Orleans, for plaintiff-appellant.

Samuel J. Tennant, Jr., New Orleans, for defendant-appellee.

PONDER, Justice.

The plaintiff brought suit to set aside an assignment whereby it had transferred to defendant a 5.484004% of the 7/8ths working interest in a mineral lease on property located in St. Martin Parish on the grounds that the party supposedly representing plaintiff in signing the assignment was not authorized to do so and was acting under a non-existent resolution of the Board of Directors. The defendant opposed the suit claiming that he had been employed as an attorney by the plaintiff corporation in pursuance to a resolution dated January 20, 1940 to defend a suit which had been brought against the corporation in the United States District Court for the Western District of Louisiana and for which the plaintiff agreed to pay him fifty percent of what he might save the corporation in the suit. The defendant relies on an assignment dated July 16, 1946, signed by Maurice Bergerie as President and Charles S. McKendrick as Secretary and Treasurer. In reconvention the defendant asked for an additional 5.484004 part of the 7/8ths working interest by an alleged verbal contract. Upon trial of the case, the lower court gave judgment dismissing plaintiff's suit and recognizing the reconventional demand of the defendant and decreeing the defendant to be the owner of 10.968008 part of the 7/8ths working interest. The plaintiff has appealed.

The lower court erred insofar as the reconventional demand is concerned because it is well settled that the transfer of an interest in a mineral lease cannot be the subject of a verbal agreement and cannot be proved by parol evidence. LSA–Civil Code, Articles 2275, 2462; Act 205

of 1938, LSA–R.S. 9:1105; Arkansas Louisiana Gas Co. v. R. O. Roy & Co., 196 La. 121, 198 So. 768; Davidson v. Midstates Oil Corporation, 211 La. 882, 31 So.2d 7.

The judgment of the lower court under the facts in this case is correct in dismissing the plaintiff's suit and recognizing the defendant to be the owner of the 5.484004% of the 7/8ths working interest in the lease. The record contains a resolution dated January 20, 1940, wherein Charles S. McKendrick, Secretary and Treasurer, was authorized to enter into any working interest agreements or oil payment agreements which he may deem to be for the best interest of the corporation; this resolution is signed by F. F. Whittaker, P. E. Bergerie, and Maurice Bergerie. The assignment in controversy was dated July 16, 1946, wherein this portion of the 7/8ths working interest in the lease was transferred to the defendant. It is stated in the assignment that at a special meeting of the Board of Directors of the corporation a resolution was passed ratifying the action of the president and secretary of the corporation and that the secretary was authorized and empowered to sign an assignment to the defendant conveying this portion of the working interest in the lease. This resolution, authorizing the assignment, and the assignment were signed by C. S. McKendrick as Secretary and attested to by Maurice Bergerie as President. The minutes of the corporation show that the resolution of January 20, 1940 is incorporated therein and the resolution ratifying the assignment is also incorporated in the minutes of the corporation. The resolution of January 20, 1940 and the resolution ratifying the assignment have remained in the minutes of the corporation some three years before this suit was filed without any steps having been taken to correct the minutes. The record shows that the secretary of the corporation has practically run the affairs of the corporation for a number of years.

Plaintiff contends that Maurice Bergerie was not president of the corporation at the time he signed the assignment and the resolution ratifying it, and that, therefore, he had no authority to sign the assignment as president and was acting under a nonexistent resolution because no meeting of the board was in fact held on that date.

■ There is conflict in the evidence as to who was president of the corporation at the time the assignment and the resolution ratifying it were executed but, be that as it may, it is of no particular moment insofar as a decision in this case is concerned. The defendant successfully defended the suit which inured to the benefit of the corporation. The corporation cannot now be heard to say that the assignment and resolution ratifying it are not valid because they have permitted their secretary to run the affairs of the corporation for a number of years and have made no effort to have their minutes corrected to show what is claimed to be the true facts. By their negligence, they have permitted the secretary

and purported president to carry out the authorization granted the secretary in the original resolution of January 20, 1940, which is not contested herein.

■■■ "A course of conduct pursued by a corporation for many years, in permitting an officer to do an authorized act, is an acquiescence in such act and creates an estoppel." Gueydan v. T. P. Ranch Co., 156 La. 397, 403, 100 So. 541, 543. See also Scharfenstein & Sons v. Item Co., 174 La. 794, 141 So. 463 and the authorities cited therein. The rule is stated in Fletcher, Cyclopedia Corporations (Perm. Ed.), sec. 466, pp. 316, 317 that

" * * * a corporation is bound by contracts entered into by its officers and agents acting on behalf of the corporation and for its benefit, provided they act within the scope of their express or implied powers, and it makes no difference that the contracts are improvident, for the principal is bound as if the errors of judgment of the agent had been made by it, unless the agent was guilty of fraud in making the contract. An agent to whom a corporation intrusts the management of its local affairs may bind his company by a contract necessary and proper to be made in the ordinary prosecution of its business. And a defense interposed by a corporation that its agent had no authority to execute a contract on its behalf is looked upon with disfavor, especially where the contract has been executed in whole or in part."

For the reasons assigned, the judgment appealed from is affirmed insofar as it dismisses the plaintiff's suit and reversed insofar as it recognizes defendant's reconventional demand. It is ordered that there be judgment in favor of the defendant recognizing that he is the owner of and entitled to a 5.484004 part of the ⅞ths proportion of the oil, gas and/or other minerals under the following described property:

A certain tract of land situated in the Fourth Ward of St. Martin Parish, Louisiana, in Section 118, Township 9 South, Range 5 East, containing thirty-nine (39) arpents, whether it actually comprises more or less, and being bounded on the North by Flat Lake and lands now or formerly owned by Billeaud and Delaureal, Deborrah Oil Co., A. Begnaud and R. Martin; on the East by a public road and/or public right of way and/or lands now or formerly owned by L. D. Bergeron; on the south by Louisiana State Highway No. 43; and on the west by lands now or formerly owned by E. Breaux; together with all lands owned or claimed by lessor, either legal or equitable, contiguous to the land hereinabove specifically described, whether the same be inside or outside of the surveys, sections, townships or ranges hereinabove described.

It is further ordered that the costs of the lower court are to be paid by the plaintiff and the cost of the appeal to be paid by defendant.