SAMUEL, Judge.
On July 22, 1960, Charles S. Pique, Jr. filed suit (not the suit from which this appeal is taken but mentioned first because of the chronology) in the Civil District *635 ■Court for the Parish of Orleans, wherein the litigants were domiciled, against Richard K. Ingolia and an alleged partnership •consisting of these two persons. The petition alleged that in June of 1953 a partnership was formed between Pique and Ingolia by oral agreement, one of the partnership purposes being the securing of oil, gas and mineral leases and royalty interests by Ingolia on a 50-50 (or equal) basis; and that during the existence thereof Ingolia acquired for the partnership mineral leases, royalty interests and working interests, and entered into subleases and assignments of mineral interests and leases, affecting certain described immovable property situated in the Parish of Plaquemines. It further alleged that in April of 1959 the partnership was dissolved, with the stipulation at the time of dissolution that thereafter any mineral activities engaged in by Ingolia would be for his own account; but that Ingolia had not given a true accounting to his partner and had fraudulently concealed from Pique the acquisition of various mineral leases, royalties and working interests for the partnership. The petition prayed for an accounting. On the day that Pique’s suit was filed he caused a notice of lis pendens of the suit to be recorded in the mortgage records of the Parish of Plaquemines. The suit was filed and the notice was recorded prior to January 1, 1961, the effective date of the new Code of Civil Procedure.
Ingolia filed various exceptions to the petition and also filed a rule to show cause why Pique “ * * * should not be ordered to execute and file in the office of the Clerk of Court for Plaquemines Parish, Louisiana, a due and proper document can-celling the recordation of said Notice Of Lis Pendens.” Judgment of the Civil District Court overruled all of the exceptions and dismissed the rule to show cause. In-golia has appealed. That appeal and the instant one were consolidated for argument before this court. We have this day handed down a separate opinion and decree in the case involving Ingolia’s appeal, Pique v. Ingolia, No. 400 of our docket, 144 So.2d 638.
The instant case involves an appeal taken by Pique from a judgment of the Twenty-Fifth Judicial District Court for the Parish of Plaquemines. In that court Ingolia filed a petition for a writ of mandamus, in which Pique and the Clerk of Court as Ex-Officio Recorder of Mortgages and Register of Conveyances for the Parish of Plaquemines are respondents, seeking the cancellation and erasure of the same notice of lis pendens involved in the Orleans Parish suit. The resulting judgment, here appealed from, commanded the respondent Clerk of Court to cancel and erase the notice of lis pendens from the mortgage records of Plaquemines Parish.
Thus the two consolidated cases, this appeal by Pique from the judgment of the Twenty-Fifth Judicial District Court making the alternative writ of mandamus peremptory and ordering the cancellation of the inscription of the notice of lis pendens, No. 516 of our docket, and the appeal by Ingolia from the judgment of the Civil District Court for the Parish of Orleans dismissing his rule to show cause why the notice of lis pendens should not be can-celled, No. 400 of our docket, involve the same notice of lis pendens and present the same question for our determination. That question is whether Pique’s partnership action for an accounting in the Civil District Court for the Parish of Orleans is one which entitles the plaintiff therein, Pique, to file the notice of lis pendens, i. e., whether the suit is an action “affecting the title” to immovable property within the contemplation of the codal or statutory law relative to lis pendens.
We are not concerned with the question of whether the prior lis pendens statutes, LSA-R.S. 13:3541-3542, or the new codal articles, LSA-C.C.P. Arts. 3751-3752, are controlling because of the fact that both are to the same effect insofar as the present question is concerned. Both require that the court action or proceeding involved *636 must affect the title to immovable property (there is no contention that a mortgage, lien or privilege exists) and that the notice must, among other things, show the object of the action or proceeding. Code of Civil Procedure Articles 3751 and 3752 read as follows:
“Notice to be recorded to affect third persons
“The pendency of an action or proceeding in any court, state or federal, in this state affecting the title to, or asserting a mortgage or privilege on, immovable property does not constitute notice to a third person not a party thereto unless a notice of the pendency of the action or proceeding is made, and filed or recorded, as required by Article 3752.” LSA-C.C.P. Art. 3751.
“Requirements of notice; recordation
“The notice referred to in Article 3751 shall be in writing, signed by the plaintiff, defendant, or other party to the action or proceeding who desires to have the notice recorded, or by a counsel of record for such party, showing the name of the court in which the action or proceeding has been filed, the title, docket number, date of filing, and object thereof, and the description of the property sought to be affected thereby.
“This notice shall be recorded in the mortgage office of the parish where the property to be affected is situated, and has effect from the time of the filing for recordation.” LSA-C.C.P. Art. 3752.
The lis pendens filed by Pique describes three pieces of immovable property and states that “* * * the object of said suit is to acquire an accounting of defendants for interests allegedly acquired for the benefit of the partnership * *
We are aware of LSA-Code of Civil Procedure Article 3664, which provides that a mineral lessee, etc. is the owner of a real right which may be asserted, protected and defended in the same manner as the ownership of immovable property and are of the opinion that the article has no application here. According to Comment (a) appearing thereunder the article purportedly legislatively reverses the language of the majority opinion in Reagan v. Murphy, 235 La. 529, 105 So.2d 210. But Pique’s suit having been filed, and the notice of lis pendens having been recorded, prior to the effective date of the Code of Civil Procedure, that code cannot “affect the validity or change the legal effect” of the notice. The Code of Civil Procedure is contained in Act 15 of 1960 and the pertinent provisions of Section 4 of that act provide :
“(B) The provisions of the Louisiana Code of Civil Procedure enacted by Section 1 hereof, so far as applicable, shall govern and regulate the procedure in all civil actions and proceedings :
******
“(2) Pending on the effective date of this act, except that none of the provisions thereof shall:
* * % * * *
“(b) Affect the validity or change the legal effect of any judicial, official, or procedural act done or attempted, or of any failure to act, prior to the effective date of this act in any civil action or proceeding, including but not limited to any: * * *.”
Accordingly, our decision is controlled by the prior law and jurisprudence. That law is LSA-R.S. 9:1105, as amended in 1950, which reads as follows:
“Oil, gas, and other mineral leases, and contracts applying to and affecting these leases or the right to reduce oil, gas, or other minerals to possession, together with the rights, privileges, and obligations resulting therefrom, are classified as real rights and incor- *637 por cal immovable property. They may be asserted, protected, and defended in the same manner as may be the ownership or possession of other immovable property by the holder of these rights, without the concurrence, join-der, or consent of the landowner, and without impairment of rights of warranty, in any action or by any procedure available to the owner of immovable property or land. This Section shall be considered as substantive as well as procedural so that the owners of oil, gas and other mineral leases and contracts within the purpose of this Section shall have the benefit of all laws relating to the owners of real rights in immovable property or real estate.”
Reagan v. Murphy (see also Harwood Oil & Mining Company v. Black, 240 La. 641, 124 So.2d 764) is to the effect that LSA-R.S. 9:1105 does not give substantive real rights to the owner of mineral rights and leases; the statute is only procedural and gives to such an owner the same rights as are enjoyed by the owner of immovable property. The pertinent language, at page 529 of 235 La. and at page 213 of 105 So.2d, is as follows:
“It is to be noted, imprimis, that the original law does not say that mineral leases are real rights. It declares, in substance, that they are to be classified as real rights and ‘may be asserted, protected, and defended in the same manner’ as may be the ownership or possession of other immovable property. And the amendment does not say that the statute created substantive real rights. It merely provides that the law shall be considered as substantive, in order that the owners of mineral leases ‘shall have the benefit’ of real property laws.”
The properties involved in Pique’s partnership suit in the Orleans Parish Court consisting of mineral rights and leases, under this jurisprudence we are required to hold that Pique is asserting only a personal right but that he is entitled to the same rights enjoyed by an owner of immovable property. One such right is that of filing a notice of lis pendens, restricted to immovable property by the hereinabove cited lis pendens codal articles and statutes, but available to Pique as a result of the jurisprudence.
We are also of the opinion that the partnership action “affects” title to the mineral rights and leases in suit within the contemplation of the lis pendens laws, both LSA-R.S. 13:3541 and the above quoted LSA-Code of Civil Procedure Article 3751. In that suit Pique, claiming to be Ingolia’s partner and alleging that the leases were acquired in Ingolia’s name but for the partnership and not for Ingolia individually, seeks an accounting of the partnership affairs. If and after that accounting is obtained he can then take further proceedings for the purpose of enforcing the partnership agreement. He was confined to this type of action. See Jeffries v. Moore, 219 La. 692, 53 So.2d 898. If Pique is successful the total action certainly will change, or “affect”, title to the mineral properties involved.
Whether or not Pique will be prevented from proving ownership of these properties in the partnership, or of an interest therein in himself, by the well settled rule that title to real property cannot be successfully maintained or attacked on the basis of an oral agreement, as the rule may be applied to mineral rights and leases or in a partnership suit, is a matter which we prefer to pass on when directly presented to us, as we feel it will be. As of now the possibility that Pique may be successful does exist and, to the extent of the protection afforded by the notice of lis pendens, he is entitled to preserve the status quo.
For the reasons assigned, the judgment appealed from is annulled and reversed and it is now ordered that there be judgment in favor of the respondents, Allen L. Lo- *638 brano, Clerk of Court and Ex-Officio Recorder of Mortgages and Register of Conveyances, and Charles S. Pique, Jr., and against the relator, Richard K. Ingolia, dismissing the latter’s suit and demand; all costs in both courts to be paid by relator.
Reversed.