152 So.2d 7

**Richard K. INGOLIA**

v.

**Allen L. LOBRANO, Clerk of Court, Ex-Officio Recorder of Mortgages and Register of Conveyances, Parish of Plaquemines, State of Louisiana, and Charles S. Pique, Jr.**

No. 46390.

March 25, 1963.

Rehearing Denied April 29, 1963.

See also 152 So.2d 10.

William J. Daly, New Orleans, Oliver S. Livaudais, Jr., Chalmette, for defendant and relator.

Lloyd Adams, Eldon J. Andree, New Orleans, for amici curiae.

William M. Lucas, Jr., New Orleans, for plaintiff and respondent.

SANDERS, Justice.

This is a mandamus proceeding instituted in the Twenty Fifth Judicial District Court for the Parish of Plaquemines. The plaintiff, Richard K. Ingolia, seeks the cancellation of a notice of lis pendens recorded by Charles S. Pique, Jr. in the Mortgage and Conveyance records of Plaquemines Parish. Made defendants are Pique and the Clerk of Court.

The district court rendered judgment in favor of plaintiff ordering the Clerk of Court to cancel the notice of lis pendens. On appeal, the Court of Appeal reversed the judgment and rejected the demands of the plaintiff.[1] Upon application of the plaintiff, we granted certiorari to review the judgment.

■ The basis for the notice of lis pendens was a suit instituted by Charles S. Pique, Jr. against Richard K. Ingolia and an alleged partnership, composed of Pique and Ingolia, in the Civil District Court for Orleans Parish, where the parties were domiciled.[2]

The petition alleged that, in June, 1953, Pique and Ingolia entered into a *verbal* contract of partnership whereby Ingolia would secure on behalf of such partnership mineral leases and royalty interests; that these mineral interests would be shared by the partners on an equal basis; that on April 9, 1955, the partnership was dissolved by verbal agreement; that Ingolia acquired certain oil, gas and mineral leases, royalty interests, and working interests affecting land in Plaquemines Parish during the existence of the partnership which he concealed from Pique; that by virtue of the partnership agreement the leases and mineral interests were acquired for the partnership; that Pique was entitled to an accounting for all interests in the properties. The petition prayed for an accounting.

On the day that Pique's Orleans Parish suit was filed, he caused a notice of lis pendens to be recorded in the records of Plaquemines Parish, which declared:

"* * * that the object of said suit is to acquire an accounting of defendants for interests allegedly acquired for the benefit of the partnership composed of RICHARD K. INGOLIA and CHARLES S. PIQUE, JR. in and to the following described properties located in the Parish of Plaquemines, State of Louisiana:

"1. All of river lots or sections Twenty (20) Twenty-one (21) and Twenty-two (22) in Township 24 South, Range 31 East, west of

1. 144 So.2d 634.
2. Charles S. Pique, Jr. vs. Richard K. Ingolia, et al., docket No. 382–596. Both the suit and notice of lis pendens were filed prior to the effective date of the Code of Civil Procedure. Subsequent citation is to the statutory law in effect at that time.

the Mississippi River in Plaquemines Parish, Louisiana, containing 130 acres of land more or less, including all minerals underlying servitudes and rights of way, which traverse or adjoin said land; and also, in addition to the above described land, all water beds and bottoms, all alluvion and batture, and all strips or parcels of land adjoining the land above described and owned or claimed by Martha W. Snow, Ellen L. Snow, Richard Francis Snow. Lucille Snow Osoinach, Catherine Snow and Gladys Snow.

"2. River lots or sections Twenty-five (25), Twenty-six (26) and Twenty-eight (28), Township 24 South, Range 31 East, together with all alluvion, batture and accretions thereto pertaining.

"3. Section or river lot forty-seven (47) Township 23 South, Range 31 East."

Ingolia filed various exceptions to the petition in the Orleans Parish suit and also filed a rule to show cause why Pique " * * * should not be ordered to execute and file in the office of the Clerk of Court for Plaquemines Parish, Louisiana, a due and proper document cancelling the recordation of said Notice of Lis Pendens." The Civil District Court overruled all of the ex-

ceptions and dismissed the rule to show cause. Ingolia appealed to the Court of Appeal from that portion of the judgment which dismissed the rule to show cause why the notice of lis pendens should not be cancelled. See Pique v. Ingolia, et al., La. App., 144 So.2d 634.

Ingolia then instituted the instant suit in Plaquemines Parish seeking the cancellation of the notice of lis pendens.

While various contentions are made, the basic question is whether the pendency of the Orleans Parish suit entitled Pique to file the notice of lis pendens.

LSA–RS 13:3541 provides:

"The pendency of an action in any court, state or federal, in the state affecting the title, or asserting a mortgage or lien upon immovable property, shall not be considered or construed as notice to third persons not parties to such suit, unless a notice of pendency of such action shall have been made, filed or registered, in compliance with R.S. 13:3541 through 13:3543."

The law accords to the owners of mineral leases and contracts the benefit of all laws relating to the ownership of immovable property or real estate. Such leases and contracts may be asserted, protected, and defended in the same manner as the ownership of other immovable prop-

erty.[3] Included in these beneficial measures is the right to file a notice of lis pendens in a suit that affects the title, or ownership, of such mineral interests.

The Court of Appeal concluded that the partnership action affected title to the mineral leases and rights and, on this basis, sustained the notice of lis pendens.

We cannot subscribe to this holding. Also applicable to the mineral leases and contracts is the same requirement of written testimonial proof that governs the transfer of immovable property.[4]

LSA–C.C. Article 2275 provides:

"Every transfer of immovable property must be in writing; but if a verbal sale, or other disposition of such property, be made, it shall be good against the vendor, as well as against the vendee, who confesses it when interrogated on oath, provided actual delivery has been made of the immovable property thus sold."

The partnership action is founded upon an alleged verbal agreement. Allegedly, the mineral interests are in the name of Ingolia, made defendant in that proceeding. The allegations of the petition charging concealment by Ingolia negate any notion of delivery. It is clear, then, that the basic suit does not, and cannot, affect the title, or ownership, of the mineral interests.[5] Hence, the notice of lis pendens was improvidently recorded and must be cancelled.[6]

We express no opinion as to whether the petition in the Orleans Parish suit otherwise states a cause of action. That question is not before us in the instant case.

For the reasons assigned, the judgment of the Court of Appeal is reversed, and the judgment of the district court ordering the cancellation of the notice of lis pendens is reinstated. All costs of court are assessed against the defendant, Charles S. Pique, Jr.

HAMITER, J., dissents.

3. LSA–R.S. 9:1105. See Reagan v. Murphy, 235 La. 529, 105 So.2d 210.
4. LSA–R.S. 9:1105; Acadian Production Corp. v. Tennant, 222 La. 653, 63 So.2d 343; Davidson v. Midstates Oil Corporation, 211 La. 882, 31 So.2d 7. See also Calhoun v. Gulf Refining Company, 235 La. 494, 104 So.2d 547.

5. LSA–C.C. Arts. 2275, 2276, 2440, 2836. See Acadian Production Corp. v. Tennant, 222 La. 653, 63 So.2d 343; Stack v. De Soto Properties, 221 La. 384, 59 So.2d 428; Davidson v. Midstates Oil Corporation, 211 La. 882, 31 So.2d 7; and Carter v. Loeber, 177 La. 444, 148 So. 673.
6. State ex rel. Ernest Realty Co. v. Moore, Blane & Merklein, 183 La. 927, 165 So. 147.