CUTRER, Judge.
The plaintiff appeals from a judgment which sustained an exception of no cause of action filed by defendant.
The original petition alleges that on or about July 1, 1954 Wylmer I. Pool and defendant, Dave J. Robichaux began negotiating for and obtained certain mineral leases in Lafourche Parish. The leases were taken in the name of Pool but were allegedly acquired for the joint interest of Pool and Robichaux. Pool subsequently transferred the leases to Pan American Petroleum Corporation for a cash consideration and overriding royalty interests. It is alleged that certain interests were assigned to Robichaux, it being the intention of Robichaux and Pool to share equally in the net overriding royalty interests. Subsequent to this, Robichaux and Pool, in order to settle some differences which had arisen between them, entered into certain compromise agreements. Robichaux also alleges that an oral agreement was entered into wherein one party would be entitled to an assignment from the other party to further equalize their interests if such a situation should arise. Pursuant to this discussion, “Agreement No. 2” was allegedly executed. The petition alleges that Pool executed various assignments of overriding royalty interests under certain of the leases, but he had refused to assign Robichaux his of the net overriding royalty interest in three leases which shall be referred to as the “Dugazon, Grenier and Banos” leases. It is further alleged that Robichaux paid Pool for his share of the purchase price of the leases which payment is shown by an “End of the Year Statement”. Pursuant to Pool’s exception of vagueness and prayer for oyer, Robichaux amended his petition by annexing the compromise agreements. The “End of the Year Statement” (Exhibit A) had been attached to the original petition. By way of amendment Robichaux further alleged that
“20.
That plaintiff in support of this action intends to rely on the following written agreements, namely:
1. Exhibit ‘A’ consisting of twenty pages attached to the original petition filed herein.
2. Those six agreements listed in Paragraph 4 of plaintiff’s original petition filed herein, certified copies of the six agreements being attached to this supplemental petition and made a part and portion hereof.
*79 21.
Plaintiff reiterates that he intends to rely on the oral representations of defendant as stated in the original petition.”
Pool filed an exception of no cause of action on the ground that parol evidence is not admissible to prove title to overriding royalty interests and that neither instrument relied upon by Robichaux referred to or applied to any overriding royalty interests under the Dugazon, Grenier, Banos leases. The trial court, for written reasons, sustained the exception of no cause of action.
The initial issue is whether the exhibits (End of the Year Statements and Compromise agreements) reflect a written transfer, or a written agreement to transfer, the disputed override royalty interests.
Overriding royalty interests are classified as real rights and incorporeal immovable property. This law is substantive as well as procedural and the owners thereof shall have the benefit of all laws relating to the owners of real rights in immovable property. LSA-R.S. 9:110s[1] It is well settled that title to overriding royalty interests may not be proved by parol evidence. LSA-C.C. 2275 [2] and 2462.[3] See Wier v. Glassell, 216 La. 828, 44 So.2d 882; Acadian Production Corp. v. Tennant, 222 La. 653, 63 So.2d 343; Little v. Haik, 246 La. 121, 163 So.2d 558; Hayes v. Muller, 245 La. 356, 158 So.2d 191. Article 2275 has been rigidly enforced against all persons seeking to establish an interest in immovable property by parol evidence. Little v. Haik, supra.
The compromise agreement relied upon by Robichaux is Agreement #2 (Tr. 71) dated June 14, 1960. This instrument is one of six instruments executed on that date. Three of the remaining five were transfers from Robichaux to Pool and these have no application since Robichaux is claimant. The other two concern transfers of interests other than those in dispute thus they are also inapplicable. The pertinent *80 portion of the instrument relied upon by Robichaux reads as follows:
“1. The parties hereto have heretofore acquired oil, gas and mineral leases which have been placed of record for purposes of convenience in the name of Pool, and which have been transferred to oil and gas operators and/or producers with a reservation by Pool, or with a connected acquisition by Pool, of certain overriding royalty interests.
2. In the instruments by which the said leases were transferred there were reserved by Pool (or acquired by Pool, as the case may be), rights of re-assignment or re-acquisition, rights to extensions and renewals, and the like. Pool has heretofore executed and delivered to Robichaux instruments transferring to Robichaux Robichaux’s proportionate part in the overriding royalty rights so reserved or acquired. In such transfers to Robichaux Pool has, on occasion, failed to stipulate in Robichaux’s favor the same rights as were stipulated in Pool’s favor in respect to such overriding royalty interests, and Pool has also, on occasion, stipulated for the automatic termination of such overriding royalty interests on the reacquisition by Pool of the mineral lease affected thereby.
3. Anything in said instruments heretofore executed to the contrary notwithstanding, it was the intention that, to the exent Pool enjoyed any benefit in any right of extension, renewal, re-assignment, re-acquisition, or the like, Robi-chaux, his heirs, executors, successors, donees and assigns, was to share with Pool in such benefit on the same proportionate basis in which Robichaux had been interested in the original overriding royalty.
4. In the event Robichaux shall deem it necessary to further implement the provisions of this agreement by a separate agreement referring specifically to a specified overriding royalty interest, Robichaux shall cause his attorneys to prepare and submit to Pool an instrument appropriate to accomplish the intention hereof as to such particular overriding royalty interest Pool agrees to execute and deliver to Robichaux such reasonable recordable instrument or instruments in writing as may be necessary to effectuate the purposes hereof.
5.This agreement is intended to cover and effect any and all overriding royalty interests heretofore assigned by Pool to Robichaux other than overriding royalty interests affecting the leases described in that certain agreement between Pool and Robichaux of even date herewith, bearing the heading ‘Agreement No. 1’.”
Robichaux contends that paragraph 3 obligates Pool to transfer to him the overriding royalties in question. He further contends that he complied with the procedure of paragraph 4 but Pool refused to sign the assignments. Taken alone, it could be said that paragraph 3 is favorable to Robichaux’s position. When we read all the provisions of the instrument together, however, we arrive at a clear and different meaning. Paragraph 2 refers to instruments previously executed and delivered to Robichaux wherein Robichaux’s proportionate part of the override royalty was transferred to him. Paragraph 3 then refers to "said instruments’’ (meaning the instruments previously executed by the parties.) Paragraph 3 contemplates only those interests which had been previously transferred. Pool has not assigned Robichaux any interest in these three particular leases, therefore, the agreement is inapplicable to them whether they are renewals or original leases. This intent is fully clarified by paragraph 5 which begins “This agreement is intended to cover and affect any and all overriding royalty interests heretofore assigned by Pool to Robichaux * * * This instrument does not obligate Pool to transfer the overriding royalty interests arising out of the Dugazon, Grenier and Banos leases.
*81 Robichaux contends that parol evidence is admissible to show that a writing is but part of the entire oral agreement between the parties and such evidence maybe considered to prove a modification of a written instrument. He cites the cases of Gulf States Finance Corp. v. Airline Auto Sales Inc., 248 La. 591, 181 So.2d 36, Naquin v. Holmes, La.App., 178 So.2d 322 and X-L Finance Company v. Humble, 186 So.2d 883.
These cases are not authority for Robi-chaux’s position. The Gulf States Finance Corp. and Naquin cases involve agreements pertaining to movables and not immovables. The Naquin case pertains to a lease of a building which could be the subject of an oral contract. Parol evidence is not admissible to modify a 'written instrument pertaining to overriding royalty interests. In the case of Wier v. Glassell, supra, the court, when faced with this question, made the following observation:
“If we had doubt as to the meaning of the terms of the agreements and found ambiguity in any of their clauses, it might well be that plaintiff should be permitted to resort to parol proof of such custom as he alleges, but we find nothing ambiguous in their language nor in the terms and conditions they contain. On the other hand, the royalty interest which plaintiff is seeking to have himself recognized as the owner of, being an incorporeal immovable, and being in writing, all as heretofore pointed out, it is clear that parol evidence would not be admissible to show that the parties intended to contract with reference to future leases as well as the leases that were being assigned, nor, indeed, with regard to any other intention than the one expressed in the contracts of as--signment themselves. To permit parol evidence of the nature such as plaintiff would want to elicit under the allegations of his petition would be to permit him to prove title to an incorporeal immovable by parol and this he could not do in view of the specific provisions of Articles 2275 and 2276 of the Revised Civil Code.”
Robichaux further contends that the “End of the Year Statement” (Exhibit A) is an agreement in writing by Pool to transfer the overriding royalty interests to Robi-chaux. Robichaux further pleads that Pool is estopped from claiming that Robichaux is not entitled to the assignment of the overriding royalty interests in question. Exhibit “A” consists of several pages of dates, names and figures. The Exhibit is not an instrument that would convey overriding royalty interests nor is it an agreement to convey such interests. This is true even though the names “Mrs. Julia Banos”, “R. L. Grenier” and “D. S. Duga-zon et al” appear therein. There is not commitment by Pool to transfer an interest in any leases. The fact that these references appear in the exhibit does not create an estoppel as contended by Robichaux. Title to immovables cannot be created by estoppel. Blevins v. Manufacturers Record Publishing Co., 235 La. 708, 105 So.2d 392, 414 held as follows:
“In the first place, ‘Every transfer of immovable property must be in writing * * Article 2275 of the LSA-Civil Code. ‘All sales of immovable property shall be made by authentic act of under private signature * * Article 2440 of the LSA-Civil Code. In accordance therewith, it is well settled that parol evidence may not be used to establish title to immovables (Louisiana State Board of Education v. Lindsay, 227 La. 553, 79 So. 2d 879; Lemoine v. Lacour, 213 La. 109, 34 So.2d 392; Ceromi v. Harris, 187 La. 701, 175 So. 462; Ruth v. Buwe, 185 La. 204, 168 So. 776); nor, in the absence of a written instrument, may title to im-movables be created by estoppel. Waterman v. Tidewater Associated Oil Co., 213 La. 588, 35 So.2d 225; Pan American Production Co. v. Robichaux, 200 La. 666, 8 So.2d 635; Gibson v. Pickens, 187 La. 860, 175 So. 600.”
*82 The petition with attachments does not state a cause of action. Robichaux’s claim could not be established except by parol evidence. The door to the use of parol evidence to establish such title has been held closed by the courts and cannot be opened in this instance.
For these reasons the judgment of the trial court is hereby affirmed. The plaintiff shall pay the costs of this appeal.
Affirmed.

. LSA-R.S. 9:1105.
Oil, gas, and other mineral leases, and contracts applying to and affecting these leases or the right to reduce oil, gas, or other minerals to possession, together with the rights, privileges, and obligations resulting therefrom, are classified as real rights and incorporeal immovable property. They may be asserted, protected, and defended in the same manner as may be the ownership or possession of other immovable property by the holder of these rights, without the concurrence, joinder or consent of the landowner, and without impairment of rights of warranty, in any action or by any procedure available to the owner of immovable property or land. This Section shall be considered as substantive as well as procedural so that the owners of oil, gas and other mineral leases and contracts within the purpose of this Section shall have the benefit of all laws relating to the owners of real rights in immovable property or real estate. As amended Acts 1950, 2nd Ex.Sess., No. 6, § 1.

. LSA-C.C. 2275.
Every transfer of immovable property must be in writing; but if a verbal sale, or other disposition of such property, be made, it shall be good against the vendor, as well as against the vendee, who confesses it when interrogated on oath, provided actual delivery has been made of the immovable property thus sold.

.LSA-C.C. 2462.
A promise to sell, when there exists a reciprocal consent of both parties as to the thing, the price and terms, and which, if it relates to immovables, is in writing, so far amounts to a sale as to give either party the right to enforce specific performance of same.
One may purchase the right, or option to accept or reject, within a stipulated time, an offer or promise to sell, after the purchase of such option, for any consideration therein stipulated, such offer, or promise can not be withdrawn before the time agreed upon; and should it be accepted within the time stipulated, the contract or agreement to sell, evidenced by such promise and acceptance, may be specifically enforced by either party. (As amended by Acts 1910, No. 249; Acts 1910, 2nd Ex.Sess., No. 3; Acts 1920, No. 27)