360 So.2d 661 (1978)
Terry V. BILLS, Jr., Plaintiff and Appellee,
v.
Hillward J. FRUGE, Defendant and Appellant.
No. 6586.
Court of Appeal of Louisiana, Third Circuit.
June 28, 1978.
DeVillier and Ardoin, Kenneth Pitre, Eunice, for defendant and appellant.
Sandoz, Sandoz & Schiff, Lawrence B. Sandoz, Jr., Opelousas, for plaintiff and appellee.
*662 Before CULPEPPER, FORET and CUTRER, JJ.
CULPEPPER, Judge.
Plaintiff, Terry V. Bills, Jr., seeks a declaratory judgment decreeing him the owner of an oil, gas and mineral lease on the undivided interest owned by defendant, Hillward J. Fruge, in a tract of land in St. Landry Parish. Defendant denies the existence of such a lease. Veil David DeVillier intervenes claiming that he owns a mineral lease on Fruge's interest. The trial judge found that Mr. Bills owns a valid mineral lease on the interest in question. Mr. DeVillier's intervention was dismissed. Both defendant and intervenor appealed.
The substantial issues on appeal are: (1) Must a mineral lease be in writing? (2) Even though Fruge did not sign the lease instrument mailed to him, does the bank draft endorsed by Fruge and paid by Bills constitute a lease?
In June of 1975, plaintiff Bills secured a written mineral lease from the father and co-heirs of Hillward J. Fruge covering their interests in 60.29 acres in St. Landry Parish. Bills mailed a counterpart of that lease on June 17, 1975 to Hillward J. Fruge in Atlanta, Georgia, where Fruge was incarcerated in the Federal Penitentiary. With the counterpart lease was a draft dated June 17, 1975 and payable to the order of Hillward J. Fruge in the sum of $364.31 drawn on the First National Bank of Lafayette, Louisiana. The following was typed on the face of the draft:
"Bonus Consideration for undivided interest in oil, gas and mineral lease covering 60.29 acres, more or less, situated in Sections 49 and 59, T6S-R1E, St. Landry Parish, La. Middle Savoy Area."
A letter included with the draft and lease instructed Mr. Fruge to sign the lease, have it notarized and then return it to the attorney representing the other lessors. Mr. Fruge was also told he could deposit the draft.
The draft was endorsed by Fruge as follows: "Hillward Fruge Pay to the order of Mrs. W. S. Ramsey". It was presented for payment at the First National Bank of Lafayette, Louisiana. When contacted, Mr. Bills asked that the draft be returned to the Atlanta Bank for Mrs. Ramsey's endorsement.
The draft was presented for payment the second time on September 26, 1975. At that time, Mr. Bills noticed the lease was not attached. He called the Atlanta Bank to see if the lease had been left there and was told that it had not. Bills wrote Fruge informing him that he had instructed his bank to make payment on the draft, and enclosed a second counterpart lease which he asked Fruge to execute, since the first lease was evidently lost in the mail. Bills never did receive a lease on the 60.29-acre tract signed by Fruge.
On October 29, 1975, Bills filed in the Conveyance Records of St. Landry Parish a copy of the draft, the unsigned lease and an affidavit setting forth the above facts.
On January 20, 1977, Mr. Veil David DeVillier obtained from defendant Fruge a mineral lease on Fruge's undivided interest in the 60.29 acres mentioned earlier. This was filed on February 2, 1977.
Plaintiff filed this suit for a declaratory judgment on June 28, 1976. The court appointed a curator ad hoc to represent the defendant, Hillward J. Fruge. Depositions were taken of defendant Fruge and of Mr. Gilbert J. Fortier, Jr., a handwriting expert from New Orleans. A trial on the merits took place on October 27, 1977. All testimony introduced by plaintiff was objected to by defendant and by the intervenor as being in violation of the "parol evidence rule." Defendant and intervenor called no witnesses but filed and introduced a certified copy of the mineral lease between Hillward Fruge and Veil David DeVillier affecting the 60.29-acre tract.
The trial judge found that Mr. Fruge had "cashed the draft, but didn't sign the lease." The court held that "where the draft and lease form were presented with a transparently clear `offer', when the draft was knowingly cashed, the offer was `accepted'." Thus, the court held that Mr. *663 Fruge fraudulently withheld his signature from the lease, but that the lease exists. The court also found the recordation by Mr. Bills was sufficient notice to put any third party on notice, and, for that reason, the Bills' lease primed the DeVillier lease.
The first issue is whether a mineral lease must be in writing. The jurisprudence in the last few years before the enactment of the Mineral Code held that mineral leases require the same written testimonial proof as transfers of immovable property, and that the parol evidence rule applies to them. Ingolia v. Lobrano, 244 La. 241, 152 So.2d 7 (1963); Hayes v. Muller, 245 La. 356, 158 So.2d 191 (1963). In the latter case, the Supreme Court based its opinion on LSA-R.S. 9:1105, which states that mineral leases are real rights and incorporeal immovables which may be asserted, protected, and defended in the same manner as may be the ownership or possession of other immovable property, and that the holders of such rights shall have the benefit of all laws relating to the owners of real rights in immovable property or real estate. This statute, now repealed, was replaced by LSA-R.S. 31:16 and 31:18 in the Mineral Code. See Yiannopoulos, Louisiana Civil Law Treatise, Volume 2, Property, 1978 Pocket Part, page 90, Footnote 156. Authors of doctrine written after adoption of the Mineral Code agree that mineral leases must be in writing. McCollam, Mineral Law Primer, 50 Tulane Law Review 732 at 789; Arceneaux, Parol Evidence, 35 La.Law Review 864 at 766. We hold that mineral leases must be in writing and are subject to the parol evidence rule.
The next issue we face is whether there is merit to plaintiff's contention that the draft alone, when signed by Mr. Fruge, constituted a valid written mineral lease. The essential elements for a contract of lease, as well as a contract of sale, are the thing, the price, and the consent. LSA-Civil Code Article 2670.
We find the draft lacks at least the essential element of consent. The fact that Mr. Fruge signed the draft and cashed it does not mean he consented to lease his interest to Mr. Bills. If Fruge had intended to consent to a lease, he could have signed and returned any of the several written leases mailed to him by Bills. The trial judge held Fruge fraudulently endorsed the draft without signing the lease, thus, in effect, holding Fruge did not intend to lease.
Furthermore, Bills himself did not intend that the draft constitute the lease contract. Plaintiff repeatedly refers to the multipage form sent to Mr. Fruge and the other lessors as the "lease". We find the draft was never intended by Fruge or by Bills to constitute a written mineral lease.
Having concluded there was no mineral lease from Fruge to Bills, we do not reach the issue of whether recordation by Bills of the draft and an unsigned lease form constituted notice to third parties of an existing lease.
For the reasons assigned, the judgment appealed is reversed and set aside. It is now ordered, adjudged and decreed that there be judgment herein in favor of the defendant, Hillward J. Fruge, and the intervenor, Veil David DeVillier, and against the plaintiff, Terry V. Bills, Jr., rejecting plaintiff's demand that he be declared the owner of an oil, gas and mineral lease on the undivided interest of defendant, Hillward J. Fruge, in the following described property under or by virtue of the instruments recorded by Bills on October 29, 1975 as Act No. 592964 in Conveyance Book B-20 at page 369 of the records of St. Landry Parish, Louisiana:
"60.29 acres, more or less, situated in Sections 49 and 59, Township-6-South, Range-1-East and being bounded now or formerly, as follows: On the North by Cedric Fruge and Amy Y. Phillips, et al; on the South and Southwest by Cedric Fruge and Francis Ledoux; on the East by Inez S. Bertrand."
All costs in the trial court and the costs of this appeal are assessed against the plaintiff, Terry V. Bills, Jr.
REVERSED AND RENDERED.
FORET, J., concurs in the result.