424 So.2d 420 (1982)
Paul B. WILKINS, Plaintiff-Appellant,
v.
HOGAN DRILLING COMPANY, INC., Defendant-Appellee.
No. 15104-CA.
Court of Appeal of Louisiana, Second Circuit.
November 29, 1982.
*421 Gaharan & Wilson by Joseph Wilson, Jena, for plaintiff-appellant.
McKeithen, Wear, Ryland & Woodard by Russell Woodard, Columbia, for defendant-appellee.
Before MARVIN, JASPER E. JONES and SEXTON, JJ.
JASPER E. JONES, Judge.
The plaintiff, Paul B. Wilkins, appeals a judgment sustaining Hogan Drilling Company, Inc.'s exception of no cause of action and dismissing his action for specific performance of a contract or, alternatively, damages for breach of the contract. We affirm.
Appellant Wilkins makes two assignments of error on appeal. He contends the district judge erred in: 1) failing to consider the participation letter agreement to be a written agreement under which he was entitled to an interest in the G.W. Douglas No. 1 well or damages for the breach of the agreement; and 2) failing to allow him to amend his petition to state a cause of action.
When plaintiff brought this action defendant filed an exception of no cause of action. Plaintiff then filed an amending and supplemental petition which replaced virtually all of the allegations of the original petition. Defendant responded with another exception of no cause of action.
The amended petition alleges that the parties had entered into a letter agreement, prepared by defendant, under which plaintiff was to acquire a 1/8th working interest in the initial wells to be drilled on nine "prospects." The letter agreement was made a part of the amended petition.[1] The *422 nine "prospects" are set forth in Exhibit "A" attached to the letter agreement and the geographical area of each prospect is specifically described. The prospects range in size from one section to four sections. The agreement also gives plaintiff the option of participating in subsequent "additional" wells drilled on any of the prospects.
Plaintiff alleges that he complied with his obligations under the agreement by depositing $72,000.00 into an escrow account. Defendant was to receive 1/9th of that amount when the initial well on any prospect was completed.
Plaintiff alleges that after some of the planned wells were drilled a problem developed with leasing the land for some of the other planned wells and, therefore, they could not be drilled. Plaintiff alleges that the parties then agreed to amend their agreement to substitute new prospects for those areas where there had been leasing problems. The amendment was not in writing.
Plaintiff alleges that subsequently an initial well was drilled on one of the substitute prospects and that the well was a dry hole for which plaintiff was invoiced for his portion of the costs.[2] Plaintiff alleges that a second well was then drilled on the substitute prospect and that the second well is a producing well with a value in excess of $2,000,000.00. Plaintiff further alleges that defendant has refused to allow him to participate in the second well which became known as the G.W. Douglas No. 1 well.
Plaintiff demands specific performance of the agreement requiring Hogan to assign him a 1/16 (1/8 of Hogan's ½) working interest in the G.W. Douglas No. 1 well. Alternatively, plaintiff demands damages in the amount of $200,000.00.
The defendant based both its exceptions of no cause of action on the lack of any written agreement between the parties as to the prospect on which the G.W. Douglas No. 1 well was drilled. The petition describes the substitute prospect as the N½ of Section 13 Township 12 North, Range 3 East, Caldwell Parish, Louisiana, and this description is not contained within the geographical descriptions of any of the nine prospects set forth in the letter agreement.
Appellant contends through his first assignment of error that the district judge erred in sustaining the exception. In support of this contention appellant argues that he is entitled to recover on either of two theories, joint venture or mandate, under the written agreement.
The flaw in plaintiff's analysis springs from the written agreement itself. Assuming that the agreement does create a joint venture or mandate, this is of no avail to plaintiff because the written terms of the agreement do not cover the location at which the G.W. Douglas No. 1 well was drilled. The written agreement covers the location of the G.W. Douglas No. 1 well only if the alleged verbal amendment to the written agreement is valid.
The transfer of an interest in a mineral right cannot be the subject of a verbal agreement and cannot be proved by parol evidence. Acadian Production Corp. of Louisiana v. Tennant, 222 La. 653, 63 So.2d 343 (1953).
*423 Parol evidence cannot be used to prove title to any mineral right nor to prove any claim for or interest in the revenues from a mineral right. Hayes v. Muller, 245 La. 356, 158 So.2d 191 (1963); Little v. Haik, 246 La. 121, 163 So.2d 558 (1964); Guy Scroggins, Inc. v. Emerald Exploration, 401 So.2d 680 (La.App. 3d Cir.1981), writ denied, 404 So.2d 1257 (La.1981); LSA-C.C. arts. 2275, 2276; LSA-R.S. 31:18.
A verbal agreement of joint venture or partnership as to mineral rights cannot be proved and one cannot recover damages for the alleged breach of such an agreement. Slay v. Smith, 368 So.2d 1144 (La. App. 3d Cir.1979).
The above cited authorities require a holding that a written agreement as to mineral rights on certain specified "prospects" or tracts cannot be extended to include additional tracts by verbal amendment. Thus, even assuming that all of the factual allegations of the petition are true, see Hero Lands Company v. Texaco, Inc., 310 So.2d 93 (La.1975), it states no cause of action because it does not allege a written amendment to extend the agreement to the prospect where G.W. Douglas No. 1 is located.
Appellant's first assignment of error is without merit.
Through his second assignment of error appellant contends that the district judge erred in not affording him an opportunity to amend his petition.
LSA-C.C.P. art. 934 generally requires that the plaintiff be allowed to amend his petition after a peremptory exception has been maintained if the general grounds for the exception may be cured by amendment. However, Article 934 does not require that the plaintiff be allowed an opportunity to speculate on unwarranted facts merely for the purpose of defeating the exception. Lyons v. Avondale Shipyards, Inc., 359 So.2d 1348 (La.App. 4th Cir.1978).
The district judge allowed plaintiff to amend his original petition after the defendant interposed its initial exception of no cause of action. The plaintiff made full use of the opportunity to amend and made numerous changes in the allegations of his petition. The defendant again interposed an exception of no cause of action which was properly maintained by the district judge. Appellant now demands still another opportunity to amend.
The initial amendment of the petition allowed by the district judge in response to the first exception of no cause of action fulfilled the requirements of Article 934. The first exception was obviously well founded for the same reasons that the present exception is well founded. Though the initial amendment was allowed before a judgment sustaining the exception it fully served and effectuated the purpose of Article 934. Allowing further amendments by plaintiff would merely be an invitation to plaintiff to engage in speculative pleading.[3]
This assignment of error is without merit.
The judgment is AFFIRMED at appellant's costs.
NOTES
[1] September 21, 1979
Mr. Paul B. Wilkins
Post Office Box 648
Columbia, Louisiana 71418
 Re: 1979 Wilcox Drilling Program
 Caldwell, Winn, and LaSalle
 Parishes, Louisiana

This Letter Agreement evidences agreement wherein Paul B. Wilkins as a Non-Operator, agrees to participate for a one-eighth (1/8) working interest with Hogan Drilling Company, Inc., as Operator, in the drilling of nine (9) Wilcox wells as follows:
(1) For the sum of $72,000.00, payable into an escrow account at the Citizens Progressive Bank, Columbia, Louisiana, prior to October 5, 1979, Hogan agrees to assign to you, upon your request, without warranty of title, a one-eighth (1/8) working interest in the initial wells on the prospects listed in the attached Exhibit "A". One-ninth (1/9) of the escrowed sum shall be released by the Citizen's Progressive Bank after completion of Hogan's obligations on each individual prospect as described herein.
(2) For the above sum, Hogan agrees to furnish all leases, geological evaluation, drillsite title work, staking, permitting, surface damage cost, and turnkey drilling cost through logging to a depth of 2990 feet or through the objective formation as determined by Operator.
(3) If upon completion of logging, a well is determined to be non-commercial, the well will be plugged and abandoned at no additional risk or cost to Non-Operators.
(4) If, however, it is determined by Operator that the well is commercial and should be completed, all costs from that point forward shall be borne on a percentage of ownership basis. Completion costs will be invoiced initially on an estimated basis, payable within fifteen (15) days.
(5) Non-Operators shall have the option of participating on any additional wells on the same geological prospect; however, there shall be no obligation to participate. In the event a Non-Operator elects non-participation in an additional well on the prospect, the non-participating interest shall revert to Hogan for all additional wells on the prospect.
(6) It is expressly understood that the working interest conveyed herein is not for resale by Non-Operators without the express written consent of Operator. It is provided, however, that Operator shall not withhold consent arbitrarily and this provision shall not act to prevent the transfer of any or all of a Non-Operator's interest to a separate entity of which Non-Operator has complete financial control.
If the terms and provisions as set out above are agreeable to you, please sign both copies and return one to us.
 Sincerely,
 HOGAN DRILLING COMPANY, INC.
 BY:/s/Robert F. Meredith, III
 Robert F. Meredith, III
ACCEPTED AND AGREED:
PAUL B. WILKINS
BY:/s/ Paul B. Wilkins
DATE: 9/25/79

[2] The leases on the alleged substitute tract were owned half by defendant and half by Lyons Petroleum.
[3] At oral argument counsel for appellant candidly admitted that there were no truthful allegations which could be made in an additional amendment to the petition that would remove the basis of defendant's exception.