640 So.2d 639 (1994)
SUTTON STEEL & SUPPLY, INC., Plaintiff-Appellee,
v.
SOUTHLAND STEEL & SUPPLY, INC., Defendant-Appellant.
No. 93-1666.
Court of Appeal of Louisiana, Third Circuit.
June 1, 1994.
Writ Denied September 16, 1994.
Lionel H. Sutton III, New Iberia, for Sutton's Steel & Supply, Inc.
*640 William G. Yates, Houma, for Southland Steel & Supply, Inc.
Before KNOLL, THIBODEAUX and SAUNDERS, JJ.
THIBODEAUX, Judge.
Defendant, Southland Steel & Supply, Inc., appeals a trial court judgment which overruled its declinatory exception of improper venue on a verbal lease of immovable property.
The plaintiff, Sutton Steel & Supply, Inc., a domestic corporation with its registered office in Iberia Parish, leased immovable property located in Terrebonne Parish to Southland Steel & Supply Inc., a domestic corporation with its registered office in Terrebonne Parish. A dispute arose and Sutton filed a breach of contract action in Iberia Parish.
The trial court concluded it was permissible for Sutton, the lessor, to file suit against Southland, its lessee, in Iberia Parish because the verbal lease contract was executed in Iberia Parish, not in Terrebonne Parish.
The sole issue is whether venue in this action to enforce a real estate lease is proper in Iberia Parish where the contract was executed, or Terrebonne Parish where the immovable property is located.

LAW AND ANALYSIS
La.Code Civ.P. art. 42 provides in pertinent part:
"The general rules of venue are that an action against:
* * * * * *
(2) A domestic corporation, or a domestic insurer, shall be brought in the parish where its registered office is located."
Thus, applying the general venue rule, Sutton Steel could have initiated this action on the lease contract against Southland Steel in Terrebonne Parish, the registered office of the lessee corporation.
La.Code Civ.P. art. 43 provides that, "[t]he general rules of venue provided in Article 42 are subject to the exceptions provided in Articles 71 through 85 and otherwise provided by law." Since the exceptions provided in Articles 71 through 85 are in derogation of a common right, they must be strictly construed and the party claiming the benefit of an exception must bring itself clearly within the exception. Hawthorne Oil & Gas Corp. v. Continental Oil, 377 So.2d 285 (La. 1979).
The exception which Sutton Steel relies upon for its commencement of this litigation in Iberia Parish is La.Code Civ.P. art. 76.1, which provides in pertinent part that "[a]n action on a contract may be brought in the parish where the contract was executed...."
At the hearing, Southland Steel's president, Tandy Webb, and its secretary, Jeff Teutom, testified that in February of 1984 they met Lionel H. Sutton, II, Sutton Steel's president, in Iberia Parish to negotiate a lease for immovable property located in Terrebonne Parish. Southland Steel's representatives testified that when they left that meeting in Iberia Parish, a verbal agreement of lease of the Terrebonne Parish property had been reached.
On the basis of this testimony, the trial court concluded that Sutton Steel and Southland Steel had executed a verbal contract of lease in Iberia Parish and on this basis, venue for this litigation was proper in Iberia Parish. We reach the same conclusion, albeit for slightly different reasons.
Since a conflict exists between Articles 42 and 76.1, we must refer to La.Code Civ.P. art. 45(1) which states:
"The following rules determine the proper venue in cases where two or more articles in this Chapter may conflict:
(1) Article ... 80 ... governs the venue exclusively, if this article conflicts with any of Articles 42 and 71 through 77; ..."
La.Code Civ.P. art. 80 provides in pertinent part:
"A. The following actions may be brought in the parish where the immovable property is situated or in the parish where the defendant in the action is domiciled:
* * * * * *

*641 (3) An action arising from the breach of a lease of immovable property, including the enforcing of a lessor's privilege or seeking the payment of rent. The venue authorized by this Subparagraph shall be in addition to any other venue provided by law for such action." (Emphasis added).
Having found a conflict between Article 42 and Article 76.1, Article 45 directs us to use the provision of Article 80 to determine the proper venue. Article 80 is written in the permissive, i.e., "the following actions may be brought in the parish where the immovable property is located or in the parish where the defendant in the action is domiciled." But this venue is "in addition to any other venue provided by law." Article 76.1 is a venue provided by law for an action on a contract. Suffice it to say, the lease of an immovable is a contract. Consequently, under Article 76.1, an action on that contract may be brought in the parish where it was executed, Iberia Parish.

CONCLUSION
For the foregoing reasons, the judgment of the trial court is affirmed. Southland Steel is cast with the costs of appeal.
AFFIRMED.
KNOLL, J., dissents and assigns reasons.
KNOLL, Judge, dissenting.
I respectfully disagree with the majority's assertion that LSA-C.C.P. Art. 80's venue provisions are permissive under the circumstances presented herein.
I see LSA-C.C.P. Art. 80 as having a dual character. If there are no conflicting articles of venue, Art. 80 may be consulted in its own right. Used in this manner, I find that if there is another venue for the action provided in law, then suit in the situs of the immovable is not mandatory.
However, I think it is important to remember that the reason why we have had to consult Art. 80 in the present case is because LSA-C.C.P. Art. 45 designated it as the article which would be determinative of any conflict which may arise between Arts. 42 and 76.1. In instances where Art. 80 is used as a conflict resolver, I do not think that the permissive nature of the article is applicable. I find that its general provision for venue at the situs of the immovable is the proposition which we are to use in resolving conflicting venue provisions. To rule otherwise, would result in us finding that Art. 76.1, an exception to Art. 42, does not constitute a conflict under LSA-C.C.P. Art. 45(1).
Accordingly, under the circumstances presented herein, I find that venue for Sutton's Steel's action to enforce its lease against Southland Steel was only proper in Terrebonne Parish, the situs of the immovable property and the registered office of Southland Steel.