J2LOTTINGER, Chief Judge.
On September 27, 1994, the State of Louisiana (State) filed this suit against Justiss Oil Company (Justiss) in East Baton Rouge Parish, seeking an accounting and the payment of sums allegedly due under the terms of three oil and gas leases executed by the State, through the Louisiana State Mineral Board (Mineral Board), in favor of Justiss. Justiss filed the declinatory exception raising the objection of improper venue. Following a hearing, the trial judge granted Justiss’ exception and transferred the proceedings to the parish of LaSalle. The State appeals.
FACTS
In 1975, the Mineral Board advertised and accepted bids for mineral leases on numerous tracts of land located in the state. Justiss submitted three completed written bid forms to the Mineral Board offering to lease three tracts of land located in Ouachita Parish. At a regular meeting on November 12, 1975, in East Baton Rouge Parish, the Mineral Board awarded Justiss the mineral leases on the three Ouachita tracts. Thereafter, the bids were reduced to written mineral leases and signed by the State in East Baton Rouge Parish. The leases were forwarded to Jus-tiss in LaSalle Parish where it signed the documents.
VENUE
Venue is the parish where an action may be properly brought and tried. La.Code Civ.P. art. 41. The general rules for venue, contained in La.Code Civ.P. art. 42, provide that an action against a domestic corporation shall be brought in the parish where the corporation’s registered office is located. La. Code Civ.P. art. 43 states that, “[t]he general rules of venue provided in Article 42 are subject to the exceptions provided in Articles 71 through 85 and otherwise provided by law.” La.Code Civ.P. art. 76.1 states that, “[a]n action on a contract may be brought in the parish where the contract was executed or the parish where any work or service was performed or was to be performed under the terms of the contract.”
In pleading the declinatory exception raising the objection of improper venue, Justiss argues that venue is improper in East Baton Rouge Parish and that it should be sued in the parish of its domicile (LaSalle), the parish where the leases were executed (LaSalle), or the parish where the work or services were to be performed under the contract (Ouachita). There is no dispute between the parties that Justiss is a Louisiana corporation [gdomiciled in and with its principal office in LaSalle Parish. Likewise, there is no dispute that the parish where the work or service was to be performed was Ouachita Parish. The only dispute between the parties is whether the contracts were “executed” in East Baton Rouge Parish, thereby making venue proper in East Baton Rouge under article 76.1.
In ruling in favor of Justiss and holding that the contracts were executed in LaSalle, *70 the trial judge stated in his oral reasons for judgment that:
I previously interpreted Code of Civil Procedure Article 76.1 as the contract is executed where it is signed last. The article doesn’t say where there is offer and acceptance. The term ‘executing a contract’ specifically means signing the contract, and the last signature is the execution of the contract. That was done in LaSalle Parish. The company is domiciled in Jena. That means we have improper venue, and we will transfer it to LaSalle Parish.
MEANING OF ARTICLE 76.1
The State argues that the trial judge erred in holding that the term “execute”, as used in La.Code Civ.P. art. 76.1, contemplates only the signing of a written contract. The State cites Sutton Steel & Supply, Inc. v. Southland Steel & Supply, Inc., 93-1666 (La.App. 3rd Cir. 6/1/94); 640 So.2d 639, writ denied, 94-1783 (La. 9/16/94); 642 So.2d 199, in support of its contention that the term “execute”, for purposes of article 76.1, is broader than the term “sign”.
Sutton involved the verbal lease of immovable property and the applicability of article 76.1. The property at issue was located in Terrebonne Parish, whereas the verbal lease was entered into in Iberia Parish. The sole issue on appeal was whether venue was proper in Iberia Parish where the contract was entered into or in Terrebonne Parish where the immovable property was located. The third circuit found that “under Article 76.1, an action on that contract may be brought in the parish where it was executed, Iberia Parish.” Id. at 641 (Emphasis added).
The Sutton holding illustrates that, for purposes of article 76.1, the term “execute” is broader than the term “sign”. To decide, as did the trial judge, that “[t]he term ‘executing a contract’ specifically means signing the contract ...” fails to consider the applicability of article 76.1 to valid oral contracts. We hold that the appropriate meaning of the term “execute”, for purposes of article 76.1, is the point in time at which a valid contract is created between the parties, regardless of whether the contract is oral or written.
EXECUTION OF THE CONTRACT
Having concluded that for purposes of venue a contract is executed at the point in time at which a valid contract is formed, we must now determine when the contracts between Justiss and the State came into being.
A mineral lease is a mineral right, classified by the Mineral Code as an incorporeal immovable. La.R.S. 31:16 and 18. According to the Mineral Code, contracts affecting mineral rights are subject to the law of registry. La.R.S. 31:18. The jurisprudence has held that valid oil and gas leases must be in writing and are subject to the parol evidence rule. Ingolia v. Lobrano, 244 La. 241, 152 So.2d 7, 9 (La.1963); Bice v. Maxwell, 516 So.2d 1189, 1191 (La.App. 2nd Cir.1987); St. Romain v. Midas Exploration, Inc., 430 So.2d 1354, 1357 (La.App. 3rd Cir.1983); Bills v. Fruge, 360 So.2d 661, 663 (La.App. 3rd Cir.), writ denied, 362 So.2d 792 (La.1978).
In the present case, Justiss submitted three written bid offers which complied with the Mineral Board’s bid form and contained all the essential terms and conditions of the proposed mineral leases. The written bids were publicly opened and accepted by the Mineral Board on November 12, 1975, at a meeting in East Baton Rouge Parish. The Mineral Board’s acceptance was reduced to writing in the minutes of the meeting.
Through this bidding process, the parties agreed to all the essential terms and conditions of the mineral leases and satisfied the jurisprudential requirement that mineral leases be in writing.[1] Upon the Mineral *71 Board’s written acceptance of Justiss’ written bid proposals, the lease contracts were formed/exeeuted between the parties. Because the contracts were executed at the meeting in East Baton Rouge Parish, venue is proper in East Baton Rouge under La. Code Civ.P. art. 76.1.
[ r,CONCLUSION
For the reasons stated herein, we reverse that portion of the trial judge’s decision granting Justiss’ declinatory exception raising the objection of improper venue and transferring these proceedings to LaSalle Parish and remand for further proceedings. Costs of this appeal are assessed against Justiss.
REVERSED AND REMANDED.
FITZSIMMONS, J., concurs with reasons.

. Justiss’ offers were made in accordance with the Mineral Board's bid forms and included descriptions of the property, the lease terms, the rentals and all other terms and conditions of the leases. The forms further provided that all bids would be subject to the terms of the 1966 standard lease form, as amended, and adopted by the Mineral Board.
Prior to initiating the bidding process, the Mineral Board, by resolution, attached and incorporated two documents to the 1966 standard lease form. [The Natural Gas Marketing Rider and the Wildlife and Fisheries Rules and Regulations for Russell Sage Wildlife Management Area.] Because these documents were attached to the 1966 lease prior to the start of the bidding pro *71 cess and because the bid forms executed by Jus-tiss specifically referenced the 1966 lease, these documents were incorporated, by reference, into Justiss' offers. Upon acceptance of the offers by the Mineral Board, Justiss was bound by all the terms of its offers, including the terms of the 1966 lease form and the two attached documents.
For the forgoing reason, we reject Justiss' contention that its offers did not include the terms of the two attached documents.