SCHOTT, Judge.
In response to a partition suit defendant Glen Snyder filed exceptions of prematurity and no cause of action contending that the immovable property sought to be partitioned was owned by a partnership consisting of himself, his co-defendant and plaintiff. His exceptions were overruled and in due course a judgment was taken against him on the merits. From this judgment Snyder has appealed.
The only issue raised on appeal relates to the initial exception of prematurity. Arguing that the immovable property belonged to a partnership, Snyder contends that the only action available to plaintiff was for a dissolution of the partnership. However, the record does not support this position.
This property was purchased in the name of a corporation in 1971 and on the same day the corporation executed a counter-letter in favor of the individual plaintiff and defendants, declaring that the property was owned by them in the proportions of one-third interest for each. In order for a partnership to own real estate the articles must be in writing and recorded in accordance with LSA-C.C. Art. 2836. There is no indication that such a partnership was ever established.
To support his position defendant placed in evidence some leases between a partnership composed of the three individuals and various tenants in the shopping center located on the property sought to be partitioned, but there is no evidence to show that this partnership ever owned the real estate or was ever the subject of written and recorded articles of partnership which would authorize it to own any real estate in accordance with the cited article.
It is clear that the real estate sought to be partitioned was owned by the three individuals as co-owners. The remedy of partition was available to plaintiff and defendant’s exceptions were properly overruled. The judgment appealed from is affirmed.
AFFIRMED.