480 So.2d 849 (1985)
Mitchell H. KUGLE, Plaintiff-Appellee,
v.
Michael T. HENNESSY and Susan F. Hennessy, Defendants-Appellants.
No. 17348-CA.
Court of Appeal of Louisiana, Second Circuit.
December 4, 1985.
Walker, Tooke, Grubb, Perlman & Lyons by Jerald L. Perlman, Shreveport, for defendants-appellants.
Roy L. Brun, Shreveport, for plaintiff-appellee.
Before MARVIN, JASPER E. JONES and FRED W. JONES, Jr., JJ.
FRED W. JONES, Jr., Judge.
The trial court confirmed Kugle's default judgment for back wages against the Hennessys. The Hennessys were served with the judgment on February 14, 1985, and they moved for a new trial six days later. No reason for the Hennessys' failure to appear and defend in the trial court was mentioned in their motion. The motion for new trial was denied and the Hennessys appeal. We affirm the judgment in favor of Kugle.
Kugle sued the Hennessys alleging they had failed to pay several months of his $2,000 salary as an accountant/bookkeeper. The record indicates the Hennessys were personally served by a deputy sheriff yet they failed to appear and defend. Based on the evidence and testimony presented at trial, the judge granted a default judgment. In their motion for new trial, the Hennessys alleged the judgment was in error because Kugle was employed in his corporate capacity and the Hennessys hired him in their corporate capacity, hence the suit between the parties in their individual capacities was improper. After hearing and argument, the motion was denied.
It is well established in Louisiana jurisprudence that one who seeks to challenge a default judgment against him must allege and prove good reason for his nonappearance which would excuse his failure to appear and plead any defenses he might *850 have had. Gramm v. Brock, 430 So.2d 199 (La.App.2d Cir.1983); Blackburn v. Deason, 447 So.2d 617 (La.App. 4th Cir.1984). When a trial court denies such defendant a new trial, the appellate courts will not disturb that ruling even though the defendant may urge in his motion for a new trial that he has a meritorious defense. DeFrances v. Gauthier, 220 La. 145, 55 So.2d 896 (1951); Pryor v. Gions, 188 So.2d 739 (La. App. 2d Cir.1966).
Only in their brief to this court do the Hennessys mention the reason for their nonappearance at the trial: the attorney they had engaged to represent them failed to take any action on their behalf. At oral argument, counsel reiterated this failure of former counsel and even filed a supplemental brief with an affidavit from the Hennessys naming the alleged negligent attorney. Failure of an attorney to represent a party is not necessarily sufficient grounds to overturn a default judgment. In Johnson v. Welsh, 334 So.2d 395 (La.1976), the defendant, after being personally served, engaged an attorney to defend him in the litigation; however, the attorney failed to answer the petition and plaintiff obtained a default judgment. The supreme court held such failure does not constitute grounds to set aside a default judgment. See also Fineran v. O'Connor, 410 So.2d 273 (La. App. 4th Cir.1982) and Terra Builders v. International Paper Co., 445 So.2d 79 (La. App. 2d Cir.1984).
The Hennessys failed to establish any good reason or cause which would explain or excuse their failure to timely appear and defend the suit in the trial court. They had the opportunity to present all grounds of defense to the action. If there was any cause preventing them from making a defense at that time, it was not presented to the court in their motion for new trial. We hold that the Hennessys' motion for new trial does not allege valid and sufficient facts excusing their presence at the trial.
For the reasons set forth, the judgment of the district court is affirmed, at appellants' cost.