FRED W. JONES, Judge.
On November 15, 1984 a default judgment for $18,000 was confirmed in favor of plaintiff Elliott against defendant Kennedy. On November 26,1984, defendant filed a motion for a new trial, later amended to assert that his original counsel was negligent in failing to file an answer to plaintiffs petition. Upon denial of the motion for a new trial defendant appealed, contending that (1) the evidence offered by plaintiff upon confirmation of the default was insufficient to support the judgment rendered, and (2) the trial court erred in refusing to grant the motion for a new trial.
For the reasons hereinafter explained, we affirm the judgment of the trial court.
EVIDENCE TO SUPPORT DEFAULT JUDGMENT
A default judgment must be confirmed by proof of the demand sufficient to establish a prima facie case. La. C.C.P. Article 1702. If the value is in excess of $500 the contract must be proved by at least one witness and other corroborating circumstances. La. C.C. Article 1846. The “witness” may be one seeking to have the debt recognized. The “corroborating circumstances” need not establish every element of the obligation. The trial court’s assessment of credibility and corroboration are entitled to great weight. Feazel v. Feazel, 471 So.2d 851 (La.App. 2d Cir.1985).
Defense counsel argues that only plaintiff testified to the existence of a contract and there were no corroborating circumstances as required by Article 1846.
A written narrative of facts was drafted pursuant to La. C.C.P. Article 2131, summarizing testimony adduced at the confirmation of the preliminary default. Elliott testified Kennedy agreed to pay him to plant and harvest wheat crops, and plant, cultivate and harvest soybean crops on an 80 acre tract of land for each of the years 1980, 1981 and 1982, at the customary and prevailing rate, which was $75 per acre per year. Elliott said Kennedy acknowledged the debt on several occasions but never paid it.
Phillip Elliott, plaintiff’s brother, stated he worked with his brother on these jobs in each of the three years.
Mary “Gay” Smith, Assistant County Supervisor for the Farmers Home Administration in West Carroll Parish, testified her agency loaned an average of $50 per acre for the planting and growing of wheat, and an average of $60 per acre for the planting and growing of soybeans (or a total of $110 per acre for both crops).
The trial judge did not err in finding sufficient evidence to confirm the preliminary default. The testimony of plaintiff concerning the farming agreement with defendant was sufficiently corroborated by his brother and the testimony of the local supervisor of the Farmers Home Administration.
MOTION FOR NEW TRIAL
A new trial may be granted in any case if there is good cause. La. C.C.P. *267 Article 1973. A proper application of this article necessitates an examination of the facts and circumstances of the individual case. Lamb v. Lamb, 430 So. 2d 51 (La.1983).
One who seeks to challenge a default judgment against him must allege and prove good reason for his nonappearance, which would excuse his failure to appear and plead any defenses he might have had. When a trial court denies the defendant a new trial, the appellate courts will not disturb that ruling even though the defendant may urge in his motion for a new trial that he has a meritorious defense. Kugle v. Hennessy, 480 So. 2d 849 (La. App. 2d Cir.1985).
It was stipulated that Kennedy would testify he received a demand letter from plaintiff’s counsel on July 2, 1984. He went to North Legal Assistance Corporation in Tallulah, Louisiana, and spoke to David Baughn about representing him. Baughn mailed a letter to plaintiff’s counsel dated July 17, 1984 acknowledging receipt of the demand letter, but denying any liability for the alleged services rendered. Kennedy was served on October 18, 1984, and immediately took the petition to Baughn’s office. Baughn failed to take further action until he was notified by Kennedy a default judgment had been taken in the matter. Baughn then filed a motion for new trial on Kennedy’s behalf. New counsel subsequently filed the amended motion, alleging Baughn’s negligence.
Mere failure to file an answer, without more, is not adequate grounds to grant a new trial. Lamb, supra. Failure of an attorney to represent a party is not necessarily sufficient grounds to overturn a default judgment. Kugle, supra. Defendant must specifically allege a defense on the merits that was not pleaded because of the attorney’s fault. Gulf Federal Sav. Bank v. Robert, 474 So. 2d 33 (La. App. 4th Cir.1985).
In his motion for a new trial defendant failed to specifically allege a defense on the merits that was not pleaded because of original counsel’s dereliction. He makes a general allegation to the effect that he had no contract for the performance or payment for services alleged to have been rendered. This is not sufficient for the granting of a motion for a new trial after a default judgment has been rendered. The recognized policy favoring finality of judgments would not be served by reaching a different result.
PRESCRIPTION
Defendant filed a peremptory exception of prescription with this court under La. C.C.P. Article 2163, asserting the action is for the recovery of compensation for services allegedly rendered in 1980, 1981 and 1982. Since this action was commenced in October 1984, he contends a portion of the claims have prescribed under La. C.C. Article 3494 (three-year liberative prescription).
Plaintiff argues the applicable statute is La. C.C. Article 3499, which provides:
Unless otherwise provided by legislation, a personal action is subject to a liberative prescription of ten years.
An appellate court may consider a peremptory exception filed for the first time in that court if pleaded prior to a submission of the case for a decision, and if proof of the ground for the exception appears of record. La. C.C.P. Article 2163.
The exact dates the services were performed by plaintiff cannot be ascertained from the record. Consequently, we cannot say that proof of the ground for the exception of prescription appears of record. It is, therefore, overruled.

Decree

For the reasons set forth, we affirm the judgment of the trial court, at defendant’s cost.
ON APPLICATION FOR REHEARING
Before HALL, MARVIN, JASPER E. JONES, FRED W. JONES and SEXTON, JJ.
*268 PER CURIAM.
With reference to the issue of prescription, our original opinion should have held that the plea, filed in this court, was overruled because the applicable period is ten years, La.Civil Code Article 3499, and we now so rule.
With this clarification, we deny the application for rehearing.
HALL and SEXTON, JJ., dissent from the denial of the application for rehearing.