516 So.2d 1189 (1987)
Charles B. BICE, Plaintiff-Appellee,
v.
Max W. MAXWELL, et al, Defendant-Appellant.
No. 19107-CA.
Court of Appeal of Louisiana, Second Circuit.
December 2, 1987.
*1190 Simmons & Derr by Kermit M. Simmons, Winnfield, for plaintiff-appellee.
Hennigan, Walters, Dorroh & Johnson by J. Reed Walters and Lloyd E. Hennigan, Jena, for defendant-appellant.
Before MARVIN, JASPER E. JONES and FRED W. JONES, Jr., JJ.
JASPER E. JONES, Judge.
Defendants, Max Maxwell, Scott Maxwell, and MBM Partnership, appeal a default judgment against them for $23,761.27 representing unpaid mineral royalties allegedly due the plaintiff, Charles Bice, under a partnership agreement and a subsequent amendment. We reverse and remand.
The record contains neither a transcript of the testimony nor a narrative of facts. For this reason, the following facts are taken from the allegations of the petition.
In June, 1976, the individual parties to this litigation formed a partnership, with written articles, to engage in the oil and gas business. In 1978 the partners amended the articles to provide for the termination of the partnership upon the payment of a certain debt and the transfer of a royalty interest to plaintiff at that time.
The debt was paid in 1980 but plaintiff has received no royalty payments nor has he been provided with any accounting or a statement of production. Plaintiff brought this suit for recognition of the royalty interest, an accounting, and a money judgment for past due royalties as shown by the accounting.
The petition was filed May 24, 1984, preliminary defaults were entered September 19, 1986, and the matter was taken up for confirmation on October 10, 1986. The minutes show that the record, which includes an unexecuted copy of the amendment to the articles of partnership, was offered into evidence and that plaintiff testified and "identified" a "Document of Partial accounting." The trial judge rendered and signed the judgment complained of. The defendants filed a motion for new trial which was denied and this appeal followed.
Through their assignments of error, appellants contend that the evidence presented *1191 to the trial court is inadequate to support the judgment and that their motion for new trial should have been granted.[1] We agree.
Where a record contains no transcription of the testimony nor a narrative of facts there is a presumption the judgment was based on sufficient evidence. Ledford v. Pipes, 507 So.2d 9 (La.App.2d Cir.1987). However, this presumption is inapplicable where, as here, a review of the face of the record shows essential elements of the proof of plaintiff's claim to be lacking.
This action is based on the creation and transfer to plaintiff of a mineral royalty by the amendment to the articles of partnership from other mineral rights owned by the partnership.
In order for a partnership to own immovable property, such as mineral rights, its articles must be in writing. LSA-C.C. art. 2806; LSA-R.S. 31:18; Montgomery v. Snyder, 363 So.2d 1286 (La.App. 4th Cir.1978), writ den., 366 So.2d 573 (La.1979); Clark v. Clark, 192 So.2d 594 (La.App.3d Cir.1966); Cf. Slay v. Smith, 368 So.2d 1144 (La.App.3d Cir.1979) wherein the court held written partnership agreement is essential to cause of action of alleged partner for breach of agreement to acquire mineral interests.
The transfer of mineral rights, such as a royalty, cannot be the subject of a verbal agreement and cannot be proved by parol evidence. Wilkins v. Hogan Drilling Co., Inc., 424 So.2d 420 (La.App.2d Cir.1982); LSA-R.S. 31:16.
LSA-C.C. art. 1832 provides:
When the law requires a contract to be in written form, the contract may not be proved by testimony or by presumption, unless the written instrument has been destroyed, lost or stolen.[2]
The articles of the partnership and the amendment are required to be in writing as the partnership allegedly owned mineral interests and the amendment allegedly transferred a mineral interest to plaintiff. There is no allegation that either the original articles or the amendment have been destroyed, lost or stolen. Thus, it was incumbent on the plaintiff to prove these writings with the documents themselves. LSA-C.C. art. 1832 Comment (b).
That this proof is lacking is shown by the absence of either document among the exhibits in this record. The record contains only an unexecuted copy of the alleged amendment to the articles of partnership. This document has no probative value and the proof of the amendment rests exclusively on plaintiff's testimony. The same is true of the proof of the original articles. This proof is not adequate. LSA-C.C. art. 1832.
The appellants' contention that the judgment is contrary to law and evidence is well founded. For this reason, and because we believe the interests of justice require, we reverse the judgment of the district court and grant defendants' motion for new trial.[3] LSA-C.C.P. arts. 1972-1973.
The judgment of the district court is reversed and this matter is remanded for a new trial. Costs of this appeal shall be assessed by the trial court in any final judgment after remand.
NOTES
[1] Appellant's other contentions will not be considered because we find these have merit.
[2] This article is applied retroactively. Hatch v. Acadiana Bank & Trust Co., 488 So.2d 437 (La. App.3d Cir.1986).
[3] See Elliot v. Kennedy, 493 So.2d 265 (La. App.2d Cir.1986), writ granted, 497 So.2d 1008 (La.1986).